*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0197p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

              *Plaintiff-Appellee,*

    *v.*

JOEL BANUELOS ALVA,

              *Defendant-Appellant.*

No. 03-5175

---

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 02-20079—Jon Phipps McCalla, District Judge.

Submitted: April 5, 2005

Decided and Filed: April 26, 2005[*]

Before: KEITH and CLAY, Circuit Judges; OBERDORFER, District Judge.[**]

---

**COUNSEL**

**ON BRIEF:** Bruce I. Griffey, Memphis, Tennessee, for Appellant. Lorraine Craig, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

---

**OPINION**

---

    OBERDORFER, District Judge. On July 20, 2004, this Court issued an opinion affirming Defendant Joel Banuelos Alva's conviction. *United States v. Alva*, 106 Fed. Appx. 314, 2004 WL 1661990 (6th Cir. 2004). On January 24, 2005, the U.S. Supreme Court granted Alva's petition for a writ of certiorari, vacated the judgment of this Court, and remanded to this Court for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Alva v. United States*, 125 S. Ct. 1041 (2005). For the reasons that follow, we reinstate our opinion of July 20, 2004, affirming Alva's conviction, but remand to the district court for resentencing in accordance with *Booker*.

---

[*] This decision was originally issued as an "unpublished decision" filed on April 26, 2005. The court has now designated the opinion as one recommended for full-text publication.

[**] The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

The defendant, Joel Banuelos Alva, was convicted by a jury of one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).

At sentencing, the district court, applying the 2002 version of the United States Sentencing Guidelines, determined that the defendant had an offense level of 36 and a criminal history category of I, leading to a guideline range of 188 to 235 months imprisonment. In concluding that Alva's offense level was 36, the district court found that 16.9 kilograms of cocaine were attributable to Alva and that a two-point enhancement for obstruction of justice applied. Absent those findings, Alva's offense level would have been 32 and his sentencing range 121 to151 months imprisonment.

The district court sentenced Alva to 188 months imprisonment, the bottom of the applicable guideline range. In imposing Alva's sentence, the district court stated: "[t]his is one of those odd cases where truly the range of 188 to 235 months seems extraordinary in light of the category I status." Supp. App. at 30. The court also stated: "certainly a sentence of 188 months is extraordinary and far more than sufficient to deal with the particular crime involved in this case." *Id.* at 31.

On appeal, Alva initially challenged only his conviction, which was affirmed in an opinion filed on July 20, 2004. On August 30, 2004, however, Alva filed a petition for certiorari challenging his sentence. Alva's petition relied on the Supreme Court's June 24, 2004 decision in *Blakely v. Washington*, 125 S. Ct. 2531 (2004), which held that a defendant's Sixth Amendment rights are violated whenever a judge imposes a sentence that is not based solely on "facts reflected in the jury verdict or admitted by the defendant." *Id.* at 2537.

On January 12, 2005, while Alva's petition for certiorari was still pending, the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005), which extended *Blakely*'s Sixth Amendment holding to the federal Sentencing Guidelines. *Id.* at 749. The Court stated that its ruling was applicable to all cases on direct review at the time *Booker* was decided. *Id.* at 769. On January 24, 2005, the Supreme Court granted Alva's petition for certiorari, vacated the judgment of this Court, and remanded Alva's case to this Court for further consideration in light of *Booker*.

On February 18, 2005, we ordered the parties to file supplemental briefs on the impact, if any, of *Booker* on Alva's sentence. Alva's supplemental brief, filed on March 16, 2005, seeks a remand to the district court for resentencing. He claims that *Booker*, as it has been interpreted and applied by this Court, entitles him to such relief. The government agrees that "based upon *Booker*, and the particular facts of the case at bar," a remand for resentencing is warranted. We agree.

Applying plain error review, this Court has decided that in cases where the defendant's sentence was imposed in violation of the Sixth Amendment, *Booker* requires a remand for resentencing. *See United States v. McDaniel*, 398 F.3d 540, 547-50 (6th Cir. 2005); *United States v. Oliver*, 97 F.3d 369, 377-81 (6th Cir. 2005). In addition, even absent a Sixth Amendment violation, this Court has decided that a defendant sentenced under the mandatory Guidelines regime is entitled to a remand for resentencing under the now-advisory Guidelines unless there is evidence in the record to rebut the presumption of prejudice. *See United States v. Barnett*, 398 F.3d 516, 525-27 (6th Cir. 2005).

At sentencing, applying the then-mandatory federal Sentencing Guidelines, the district court determined that Alva was responsible for 16.9 kilograms of cocaine, a fact neither reflected in the jury verdict nor admitted by Alva. The district court also concluded that Alva had obstructed justice, again a fact neither reflected in the jury verdict nor admitted by Alva. Under the then-mandatory

federal Guidelines, these judicially-determined facts increased Alva's base offense level from 32 to 36 and increased his sentencing range from 121 to 151 months imprisonment to 188 to 235 months imprisonment.     Accordingly, Alva's sentence was imposed in violation of the Sixth Amendment, requiring a remand for resentencing.  Moreover, even absent the Sixth Amendment violation, Alva would be entitled to a remand for resentencing because he was sentenced under the mandatory regime, and there is no evidence in the record to rebut the applicable presumption of prejudice.  Indeed, even if prejudice were not presumed, the record in this case clearly establishes that the district court was very troubled by the length of the sentence required under the mandatory Guideline regime.  Accordingly, the district court should have an opportunity to resentence Alva free of mandatory Guidelines.

For the reasons set out above, we reinstate the opinion filed on July 20, 2004, affirming the judgment of conviction, VACATE the district court's sentencing order, and REMAND the case to the district court for resentencing.

SO ORDERED.