# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2563

_____

United States of America,

          Plaintiff - Appellee,

v.

Freddie Arroyo-Santiago,

          Defendant - Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the Northern
\* District of Iowa.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: March 13, 2006
Filed: March 16, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

    A jury convicted Freddie Arroyo-Santiago[1] of conspiracy to distribute methamphetamine within 1,000 feet of a public playground, and the district court[2] sentenced him to 151 months. Arroyo-Santiago appeals, arguing that the district court

_____

    [1]Appellant admitted during his presentence interview that his true name is Raul Morales-Zendejas.

    [2] The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

erred by enhancing his sentence for obstruction of justice and denying his request for a sentence reduction for minor or minimal participation in the offense. We affirm.

At trial evidence was presented that Arroyo-Santiago was involved in two controlled methamphetamine purchases arranged by undercover officers. Arroyo-Santiago testified that he was "not involved", that he was not in "that type of business", and that "all [the witnesses] have said is not true." The jury convicted Arroyo-Santiago of violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), 846, and 860(a). At the sentencing hearing on May 27, 2005, the court added a two level enhancement for obstruction of justice based on his false testimony at trial and declined to reduce his sentence based on mitigating role and sentenced Arroyo-Santiago at the low end of the guideline range of 151 to 188 months.

Arroyo-Santiago argues that perjury is a separate crime that should have been proven to a jury beyond a reasonable doubt. After United States v. Booker, 543 U.S. 220 (2005), it is clear that sentencing facts do not need to be found by a jury because judicial factfinding in an advisory guideline regime does not implicate the Sixth Amendment. See Booker, 543 U.S. at 233. Consequently, a district court may make findings to support an enhancement provided that it does so with the "understanding that the guidelines are to be applied in advisory fashion." See United States v. Morell, 429 F.3d 1161, 1164 (8th Cir. 2005). The district court acknowledged that the guidelines are advisory and explicitly found that Arroyo-Santiago committed perjury at trial, and its finding is supported by the record. See United States v. Denton, 434 F.3d 1104, 1114 (8th Cir. 2006).

Arroyo-Santiago further asserts that the court erred in denying him a mitigating role adjustment under U.S.S.G. § 3B1.2. A defendant is entitled to such a reduction only if he played a minimal or at most minor role. See U.S.S.G. § 3B1.2. Since there was evidence that Arroyo-Santiago was an active player in both drug transactions and was deeply involved in the conspiracy, the district court did not err by not granting a

mitigating role reduction.  See United States v. Jones, 145 F.3d 959, 963 (8th Cir. 1998).

Accordingly, we affirm the judgment of the district court.

_____