**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0251n.06
Filed: April 11, 2006

**No. 05-3699**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| GREGORY J. GEIG | ) | |
| | ) | **OPINION** |
| Defendant-Appellant. | ) | |

**BEFORE:** **MERRITT, MARTIN, and McKEAGUE, Circuit Judges.**

**David W. McKeague, Circuit Judge**. Defendant-Appellant Gregory J. Geig appeals the judgment of sentence entered on his guilty plea to conspiracy to defraud the United States. We affirm the district court's sentence.

I.

From 1997 through April 2002, Geig and his co-conspirators engaged in an illegitimate property "flipping" scheme which involved purchasing low-priced properties and, instead of performing repairs to increase their value, obtaining false appraisal reports which inflated their value. Using these false appraisals, they obtained loans from financial institutions for far more than the true value of the properties and left buyers with overvalued properties with a high risk of foreclosure. Geig was caught with a co-conspirator during an FBI undercover sting and charged with making false statements to financial institutions insured by the Federal Deposit Insurance

Corporation ("FDIC"). On February 9, 2005, Geig entered into a plea agreement which outlined the applicable sentencing guidelines and enhancements. The parties stipulated to specific guideline calculations which included a base offense level of 6 pursuant to U.S.S.G. § 2B1.1 with an upward adjustment of 6 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(D) based upon a loss of more than thirty thousand dollars. The calculations also included a reduction of 2 levels for Geig's acceptance of responsibility. No other enhancements were outlined or agreed upon in the plea agreement.

A sentencing hearing was held on May 27, 2005. The district court found Geig's total offense level to be 15, which included 6 levels for the base offense, a 6-level enhancement for an offense involving a loss of more than thirty thousand dollars, a 2-level enhancement for an offense involving ten or more victims, a 4-level enhancement for being involved in an offense that engaged in mass marketing, and a 3-level reduction for acceptance of responsibility. After establishing a sentencing range under the advisory Sentencing Guidelines, the district court considered each of the factors in 18 U.S.C. § 3553(a) as required by *United States v. Booker*, 543 U.S. 220 (2005). The court then sentenced Geig to twenty months imprisonment, assessed a $100 special assessment, and ordered Geig to pay restitution in the amount of $240,000.

Geig now appeals his sentence arguing that the district court impermissibly determined the Guideline range based on judicially found facts in violation of the Sixth Amendment.

II.

The district court properly acknowledged that it was required to calculate and consider the applicable sentencing range under the Guidelines and that the resulting range was not mandatory, but only one of several factors to be considered in ultimately choosing an appropriate sentence. In

the course of calculating the Guideline range, the district court based certain enhancements on facts which were neither proven to a jury beyond a reasonable doubt nor agreed to by the defendant. Geig argues that this reliance on judicial fact-finding to increase the advisory Guideline range was a Sixth Amendment violation under *Booker*. This argument misconceives the ultimate effect of *Booker* on federal sentencing. *Booker* held that judicial fact-finding (of facts other than a prior conviction) to increase a defendant's Guideline range violated the Sixth Amendment right to trial by jury *where the Guideline range was mandatory. Booker*, 543 U.S. at 231-33 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment."). The *Booker* Court proceeded to excise the portion of the Guidelines which made them binding on district judges. *Id.* at 259-60. This approach left the long-standing practice of judicial fact-finding in place by rendering the Guidelines advisory. *Id.* at 233 (stating that all nine justices agreed that judicial fact-finding is not a Sixth Amendment violation under an advisory Guideline scheme).[1]

### III.

The *Booker* decision clearly establishes that when a district court considers the Guideline sentencing range as advisory, judicial fact-finding does not violate the Sixth Amendment right to

---

[1]Every other circuit which has considered this issue has come to the same conclusion. *United States v. Gonsalves*, 435 F.3d 64, 72 (1st Cir. 2006); *United States v. Crosby*, 397 F.3d 103, 112 (2nd Cir. 2005); *United States v. Owens*, No. 05-2397, slip op. at 6-7, 2006 WL 679830 (7th Cir. Mar. 17, 2006); *United States v. Arroyo-Santiago*, No. 05-2563, slip op. at 2, 2006 WL 588091 (8th Cir. Mar. 16, 2006) (unpublished); *United States v. Roa*, 160 Fed. Appx. 894, 897 (11th Cir. 2005) (unpublished).

trial by jury.  Geig does not raise any other challenges to his sentence.  Therefore, the district court's

judgment of sentence is **AFFIRMED**.