**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0486n.06**
**Filed: July 12, 2006**

**No. 05-1813**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| EDWIN DAVID WOOD, II, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE:    SILER, McKEAGUE, and GRIFFIN, Circuit Judges.**

**McKeague, Circuit Judge**. Defendant-Appellant Edwin David Wood, II, appeals the judgment of sentence entered on his conviction of sixteen counts related to money laundering and mail fraud. We affirm the district court's sentence.

I.

On August 26, 1999, Wood was indicted on twenty-two counts including wire fraud (Counts 1, 8, 12-15, and 22); money laundering with intent to promote mail or wire fraud (Counts 2, 5, and 6); money laundering with intent to conceal and disguise the source, ownership and control of the proceeds of mail or wire fraud (Counts 3 and 4); mail fraud (Counts 7, and 16-21); and knowingly conducting a monetary transaction of more than $10,000 with the proceeds of mail or wire fraud (Counts 9-11). A jury found Wood guilty of all of the counts except for Count 11. Wood was sentenced to 60 months' imprisonment on fourteen of the counts, to 120 months on two counts, and

to 168 months on five counts, all to be served concurrently. He was also ordered to pay a total of $570,025.83 in restitution and a special assessment of $1,200. Wood appealed. This court reversed Wood's mail fraud convictions on Counts 17-21 for lack of proper venue, affirmed Wood's convictions and sentences for the remaining counts, and remanded to the district court for resentencing.

Wood was resentenced on the remaining sixteen counts after the *Booker* decision was handed down. *United States v. Booker*, 543 U.S. 220 (2005). At the resentencing hearing the trial court relied upon information in the presentence report prepared in connection with the first sentencing proceeding. That report included information not alleged in the indictment or admitted by Wood, specifically the amount of loss and Wood's leadership role in the enterprise. The trial judge acknowledged that under *Booker* he was required to calculate and consider the Guideline sentencing range, but that the Guideline range was not mandatory. The trial court calculated the Guideline range based on the information in the presentence report including the loss calculation and the description of Wood's leadership role. The court then discussed and considered the § 3553(a) factors and then explained why a sentence within the Guideline range was appropriate. Finally, the court imposed the same sentences for the remaining sixteen counts that had been imposed in the original sentencing proceeding. Since the sentences were concurrent and the counts which had been dismissed for lack of venue did not carry the longest sentence, the resulting aggregate sentence was the same 168 months.

Wood now appeals his sentence arguing that the district court erred by sentencing based on facts not found by a jury, by applying the 1995 Guidelines instead of the 2004 Guidelines, and by refusing to order a new presentence report prior to resentencing.

II.

The district court properly acknowledged that it was required to calculate and consider the applicable sentencing range under the Guidelines and that the resulting range was not mandatory, but only one of several factors to be considered in ultimately choosing an appropriate sentence. In the course of calculating the Guideline range, the district court based certain enhancements on facts which were neither proven to a jury beyond a reasonable doubt nor agreed to by the defendant. Wood argues that this reliance on judicial fact-finding to increase the advisory Guideline range was a Sixth Amendment violation under *Booker*. This argument misconceives the ultimate effect of *Booker* on federal sentencing. *Booker* held that judicial fact-finding (of facts other than a prior conviction) to increase a defendant's Guideline range violated the Sixth Amendment right to trial by jury *where the Guideline range was mandatory*.[1] *Booker*, 543 U.S. at 231-33 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would

---

[1]All of the cases Wood relies upon for his argument that judicial fact-finding creates a Sixth Amendment violation are cases in which a sentence was imposed under the mandatory Guidelines. *See United States v. Davidson*, 409 F.3d 304, 306 (6th Cir. 2005); *United States v. Alva*, 405 F.3d 383, 385 (6th Cir. 2005); *United States v. Oliver*, 397 F.3d 369, 378 (6th Cir. 2005); *United States v. Davis*, 397 F.3d 340, 350 (6th Cir. 2005).

not implicate the Sixth Amendment."). The *Booker* Court proceeded to excise the portion of the Guidelines which made them binding on district judges. *Id.* at 259-60. This approach left the long-standing practice of judicial fact-finding in place by rendering the Guidelines advisory. *Id.* at 233 (stating that all nine justices agreed that judicial fact-finding is not a Sixth Amendment violation under an advisory Guideline scheme).[2] Since the district court acknowledged that the Guidelines were only advisory, the use of judicial fact-finding to determine Wood's sentence did not violate the Sixth Amendment.

III.

The *Booker* decision clearly establishes that when a district court considers the Guideline sentencing range as advisory, judicial fact-finding does not violate the Sixth Amendment right to trial by jury. All of Wood's arguments are based on the erroneous contention that judicial fact-finding is a Sixth Amendment violation. Wood explicitly acknowledges that if judicial fact-finding is appropriate, the district court was correct in applying the 1995 Guidelines. Wood's objection to the use of the presentence report prepared for the first sentencing was that it contained information which was neither proved to a jury nor admitted by him. Since judicial fact-finding is permissible in the post-*Booker* advisory Guideline sentencing scheme, these claims fail. The district court's judgment of sentence is **AFFIRMED**.

---

[2]Every other circuit which has considered this issue has come to the same conclusion. *United States v. Gonsalves*, 435 F.3d 64, 72 (1st Cir. 2006); *United States v. Crosby*, 397 F.3d 103, 112 (2nd Cir. 2005); *United States v. Owens*, No. 05-2397, slip op. at 6-7, 2006 WL 679830 (7th Cir. Mar. 17, 2006); *United States v. Arroyo-Santiago*, No. 05-2563, slip op. at 2, 2006 WL 588091 (8th Cir. Mar. 16, 2006) (unpublished); *United States v. Roa*, 160 Fed. Appx. 894, 897 (11th Cir. 2005) (unpublished).