# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3089

_____

United States of America,            *
                                     *
          Appellee,                  *
                                     *   Appeal from the United States
     v.                              *   District Court for the
                                     *   District of Nebraska.
Derek D. Dabney,                     *
                                     *
          Appellant.                 *

_____

Submitted: March 9, 2004
Filed: May 20, 2004

_____

Before RILEY, McMILLIAN, and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

Derek Dabney (Dabney) appeals his conviction and sentence for conspiracy to distribute methamphetamine. See 21 U.S.C. §§ 841(a)(1), 841(b)(1), 846. We affirm.

## I.    BACKGROUND

The government charged Dabney with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846. At trial, the jury heard the testimony of eight government witnesses, each of whom testified Dabney distributed methamphetamine. Testifying on his own behalf, Dabney admitted using methamphetamine, staying at a house where

methamphetamine was distributed, knowing the government witnesses, and using methamphetamine with some of the government witnesses. Dabney denied distributing methamphetamine. A jury convicted Dabney of conspiracy to distribute methamphetamine, but attributed less than 50 grams of methamphetamine to him.

At sentencing, Dabney sought a two-level downward adjustment for acceptance of responsibility. Dabney also moved for a downward departure, arguing his criminal history category was overstated. The district court[1] denied the downward adjustment and the downward departure. Finding Dabney responsible for distributing 577.5 grams of methamphetamine, the district court sentenced Dabney to 192 months imprisonment.

Dabney appeals his conviction and sentence. First, Dabney proposes the credibility of the government witnesses was so tainted that his conviction is not supported by sufficient evidence. Second, Dabney contends the district court clearly erred in finding him responsible for 577.5 grams of methamphetamine, arguing the district court misjudged the credibility of the witnesses, and improperly attributed to Dabney methamphetamine the jury was unwilling to attribute to him. Finally, Dabney maintains the district court erred in failing to grant him a two-level adjustment for acceptance of responsibility or a downward departure for an overstated criminal history category.

## II.    DISCUSSION
### A.    Sufficiency of the Evidence

Dabney argues insufficient evidence supports his conviction for conspiracy to distribute methamphetamine. Dabney "confronts a high hurdle with this argument, as we must employ a very strict standard of review on this issue." United States v.

---

[1] The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

Cook, 356 F.3d 913, 917 (8th Cir. 2004). We review "the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." Id. (quoting United States v. Sanders, 341 F.3d 809, 815 (8th Cir. 2003)). We will reverse only if no reasonable jury could have found Dabney guilty. Id. The government had to prove there was an agreement to distribute methamphetamine, an agreement known to Dabney in which he intentionally joined. Id. The government can prove conspiracy with direct or circumstantial evidence. Id.

Dabney's sufficiency argument revolves around the credibility of the witnesses who testified at trial.[2] Dabney argues his testimony was credible, and the testimony of the government witnesses was incredible. He contends the jury should not have believed the government witnesses, because some or all of them were untruthful, had prior convictions, had cooperation or non-prosecution agreements with the government, and had substantial methamphetamine use that affected their memories. Dabney argues "the cooperating witnesses were allowed to put their drug-addled memory into testimony and masquerade it as truth." Dabney notes the jury rejected the government's theory that Dabney distributed over three kilograms of methamphetamine. The jury heard testimony from three police officers, eight witnesses who said Dabney distributed methamphetamine, and Dabney himself. By attributing less than 50 grams of methamphetamine to Dabney, the jury apparently disbelieved portions of the testimony of the eight witnesses and of Dabney. Dabney believes the jury did not go far enough in rejecting the testimony of the government witnesses.

Dabney's argument on appeal resounds like a closing argument to a jury. Dabney partially succeeded in attacking the conspiracy charge, as the jury found

---

[2]Dabney apparently concedes the testimony from the government witnesses, if credible, established the required elements of conspiracy.

Dabney distributed less than 50 grams of methamphetamine, while the district court, at sentencing, held him responsible for 577.5 grams. Both findings were substantially less than the government's theory that Dabney distributed over three kilograms of methamphetamine. At trial, Dabney admitted staying at a house where methamphetamine was distributed, knowing the government witnesses, having a serious methamphetamine addiction, and using methamphetamine with some of the government witnesses. The government's witnesses painted a clear picture of Dabney distributing methamphetamine as part of a larger conspiracy. Our review of the record convinces us sufficient evidence supports the conviction. Regardless of how we feel reading the record, we are utterly unable to judge the credibility of trial witnesses, including Dabney's. It is axiomatic that we do not review questions involving the credibility of witnesses, but leave credibility questions to the jury. See, e.g., United States v. Hill, 249 F.3d 707, 714 (8th Cir. 2001) ("Witness credibility is within the province of the jury, which we are not allowed to review.") (citing Burks v. United States, 437 U.S. 1, 16-17 (1978)). Unwilling to usurp the jury's unique role in judging the credibility of witnesses, we conclude Dabney's conviction for distributing methamphetamine is supported by sufficient evidence.

### B.  Sentencing Issues

Dabney also attacks the district court's sentencing decisions, arguing the district court's methamphetamine quantity calculation was clearly erroneous, and the district court erroneously denied Dabney an acceptance of responsibility adjustment and downward departure. "The correct application of the guidelines is a question of law subject to de novo review, while a factual determination of the sentencing court is reviewed under a clearly erroneous standard." United States v. Tirado, 313 F.3d 437, 440 (8th Cir. 2002) (citation omitted).

### 1.  Drug Quantity Calculation

Dabney's appeal of the district court's drug quantity calculation for sentencing resembles his unsuccessful attack on the jury's conviction. Dabney attacks the

district court for failing to judge properly the credibility of the witnesses who testified at trial. Dabney also argues the district court improperly ignored the jury's verdict, as the district court attributed 577.5 grams of methamphetamine to Dabney, which is substantially more than the jury attributed to him (i.e., less than 50 grams). As we already discussed, we have no desire to reverse the district court based on its alleged failure to judge properly the credibility of witnesses.

We also reject Dabney's argument that the jury's finding he distributed less than 50 grams of methamphetamine somehow precludes the district court's finding attributing 577.5 grams of methamphetamine to Dabney. Applying a preponderance of the evidence standard for the government's burden of proof as opposed to the jury's application of a beyond a reasonable doubt standard, the district court may consider even acquitted conduct when attributing drugs to a defendant convicted of a drug conspiracy. See, e.g., Tirado, 313 F.3d at 440; United States v. Woods, 270 F.3d 728, 730 (8th Cir. 2001); United States v. Madrid, 224 F.3d 757, 762-63 (8th Cir. 2000). Because our review of the record does not "definitely and firmly convince[] us that a mistake has been made," United States v. Titlbach, 300 F.3d 919, 923 (8th Cir. 2002), we conclude the district court's drug quantity calculation was not clearly erroneous.

### 2.    Acceptance of Responsibility

When a "defendant clearly demonstrates acceptance of responsibility for his offense," he is entitled to a two-level downward adjustment to his offense level. U.S.S.G. § 3E1.1(a) (2002). The acceptance of responsibility "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." Id. cmt. n.2. However, conviction alone "does not automatically preclude" an acceptance of responsibility adjustment, because "[i]n rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." Id. For example, a defendant may force a "trial to

assert and preserve issues that do not relate to factual guilt." Id. Regardless, "a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." Id. Finally, because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," the district court's decision to deny an acceptance of responsibility adjustment "is entitled to great deference on review." See id. cmt. n.5.

The record indicates Dabney did not raise issues not related to factual guilt, but rather contested his guilt to the offense for which he was charged and tried. Dabney is still contesting his guilt on appeal, arguing he has never been involved in a conspiracy to distribute methamphetamine. As the record hardly paints a picture of Dabney clearly demonstrating an acceptance of responsibility for conspiring to distribute methamphetamine, we will not ignore the great deference afforded to the district court. Acceptance of responsibility means accepting things as they are, not as a defendant wishes them to be. The district court's decision to deny Dabney an acceptance of responsibility adjustment was not clearly erroneous.

### 3. Downward Departure

Dabney contends the district court erroneously failed to grant him a downward departure, arguing his criminal history category significantly overrepresents the seriousness of his criminal history. See U.S.S.G. § 4A1.3. "A district court's refusal to grant a downward departure is generally unreviewable on appeal, unless the district court had an unconstitutional motive or erroneously believed that it was without authority to grant the departure." United States v. Gonzalez-Lopez, 335 F.3d 793, 799 (8th Cir. 2003).

At sentencing, the district court said, "I certainly realize that I have the authority to depart downward in certain circumstances." In refusing to depart downward, the district court recounted Dabney's criminal history: "He's had two assault and battery charges, two driving under the influence, a drug possession charge

that resulted in six months, and there are myriad other run-ins with law enforcement, which to me at least indicate a deliberate disregard for the law. I conclude that the criminal history category of V does not overrepresent the defendant's criminal history category." We conclude the district court understood its authority to depart downward, but decided against departing downward based on Dabney's criminal history.[3] Therefore, the district court's decision is unreviewable.

## III. CONCLUSION

For the foregoing reasons, we affirm Dabney's conviction and sentence.

_____

_____

[3]Dabney argues section 4A1.3 contemplates downward departures for defendants in his position. While acknowledging his recidivism has added to his criminal history, Dabney argues the district court failed to realize Dabney's prior offenses were not serious. Dabney misses the point. Although the Guidelines consider the seriousness of the prior offenses, the Guidelines also send a strong message to criminals convicted of crimes–get off drugs and stop committing crimes.