**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Bryan GRANBOIS, Defendant—**
**Appellant.**

No. 03–30383.
D.C. No. CR–02–00088–SEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided July 22, 2004.

See also 376 F.3d 993.

Klaus P. Richter, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

David F. Ness, Esq., Federal Defenders, Great Falls, MT, for Defendant–Appellant.

Before PREGERSON, THOMPSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Bryan Granbois appeals his conviction for aggravated sexual abuse of a minor in violation of 18 U.S.C. §§ 1153 and 2241(c). He contends the district court erred in (1) allowing the government to present evidence of other sex crimes he committed against minors, (2) improperly limiting the scope of his expert witness's testimony, (3) providing the jury with an elements instruction referring to the minor as a "victim," and (4) denying his motions for ac-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

quittal under Fed.R.Crim.P. 29 and motion for a new trial under Fed.R.Crim.P. 33. We affirm.[1]

### A. *Other Crimes Evidence*

■ The evidence of Granbois's prior convictions for abusive sexual contact was properly admitted under Federal Rules of Evidence 413 and 414. The district court evaluated the pertinent factors set forth in *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir.2001), and did not abuse its discretion in determining that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

Both of the prior acts were similar to the charged conduct in that they involved abusive sexual conduct towards minors. In combination with the present offense, the prior acts show a pattern of conduct involving sexual abuse of minors with increasing boldness and depravity on the part of Granbois: the first incident involved a teenager and "consensual" acts; the second incident involved a younger girl and non-consensual touching over the clothing; in this case, the victim was even younger and the alleged abuse was more serious.

The prior acts were close enough in time to the conduct charged in this case to retain their probative value, and there were no intervening circumstances that would have any bearing on the balancing analysis. As in *LeMay*, the evidence of Granbois's prior acts was "necessary" because the prosecution's case rested on the testimony of a young victim whose credibility was attacked by the defense.

---

1. In an opinion filed concurrently with this memorandum disposition, we affirm Granbois's sentence as a "career offender" under U.S.S.G. § 4B1.1.

Also weighing in favor of admitting the evidence of Granbois's prior convictions was the fact that the evidence was highly reliable because Granbois had pleaded guilty to the charges. *See LeMay*, 260 F.3d at 1029. Furthermore, there was little prejudice beyond the probative nature of the evidence. To the extent that Granbois's "relationship" with the fourteen-year-old girl was a mitigating circumstance, the jury learned of these facts through Boyd's testimony. The evidence of the prior acts was not introduced through emotional and highly charged testimony of a victim or a victim's relative, but, rather, was conveyed through the testimony of a criminal investigator. The district court also informed the jury that the defendant was not on trial for any conduct or offense not charged in the indictment.

Granbois makes the additional arguments that Rules 413 and 414 violate his due process and equal protection rights. These arguments are foreclosed by *LeMay*.

B. *Expert Testimony*

■ The district court did not abuse its discretion in limiting the scope of Dr. Waterman's testimony.

The district court properly refused to allow Dr. Waterman to testify regarding the qualifications a person should have before interviewing a potential victim of child sex abuse because the defense never made a showing that Dr. Waterman had specialized knowledge regarding this topic. The defense proffered Dr. Waterman as an expert on proper interviewing techniques, not an expert on the qualifications interviewers should possess.

■ Although Dr. Waterman was qualified to answer questions regarding specific evidence discovered by researchers, which testimony would have supported a conclusion that multiple interviews and improper questions can taint a child's memory, the district court did not err in refusing to allow Dr. Waterman to testify regarding these matters. Dr. Waterman's testimony as a whole adequately conveyed that research has determined that children can be misled and confused by improper interviewing techniques and that the guidelines for interviewing children should be followed to prevent false memory.

■ The district court did not abuse its discretion by excluding Dr. Waterman's testimony regarding the specific interview techniques used in this case; moreover, any error was harmless. Defense counsel could, and did, apply the general concepts described by Dr. Waterman in his argument to the jury. During closing argument, defense counsel detailed how K.F.'s interviewers utilized improper techniques and argued that these suggestive interviews polluted K.F.'s testimony.

C. *Jury Instructions*

■ We reject Granbois's contention that the district court's use of the word "victim" in the elements instruction severely undermined the presumption of innocence.

The relevant inquiry in reviewing jury instructions is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation. *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir.2000). "A single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Id.*

Looking at the jury instructions as a whole, the jury could not have been misled into thinking that the elements instruction's use of the term "victim" indicated that Granbois was guilty. The court instructed the jury, "You must not read into these instructions or into anything the

court may have said or done any suggestions as to what verdict you should return. That is a matter entirely up to you." The court made it clear that "the government must prove each of the following elements beyond a reasonable doubt."

### D. *Motions for Acquittal and New Trial*

Granbois argues that he was entitled to an acquittal, or, in the alternative, a new trial, because K.F.'s out-of-court statements and in-court testimony were unreliable as a result of suggestive interview techniques and such evidence should have been excluded.

Granbois's argument is unpersuasive. Even if we assume that K.F's statements and testimony could have been excluded, the interviewing techniques used on her were not so coercive as to render her statements and testimony unreliable. She spontaneously and voluntarily reported the sexual abuse to her mother. Although the details of the sexual abuse varied from account to account, K.F. consistently stood by her story that Granbois touched her in a sexual way.

AFFIRMED.