# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1999

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| John Cogbill, | * | |
| | * | **[UNPUBLISHED]** |
| Appellant. | * | |

_____

Submitted: February 10, 2005
Filed: February 16, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After John Cogbill (Cogbill) pled guilty to possessing cocaine base with intent to distribute, the district court[1] sentenced him–in accordance with his plea agreement–to the mandatory statutory minimum of 120 months imprisonment. See 21 U.S.C. § 841(b)(1)(A). Cogbill appeals. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). Having carefully reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. See United States v. Reyes-Contreras, 349 F.3d 524, 525 (8th Cir. 2003) (per curiam)

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

(defendant who received 10-year prison sentence could not challenge conviction or sentence on appeal because he acknowledged that, by pleading guilty, he was subjecting himself to statutory minimum penalty of 10 years imprisonment); United States v. Dabney, 367 F.3d 1040, 1044 (8th Cir. 2004) (holding a district court's refusal to grant a downward departure is unreviewable unless based on an unconstitutional motive or an erroneous belief it lacked authority to depart). Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____