# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-2480

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| | * | District Court for the Northern |
| | * | District of Iowa. |
| Donald K. Washburn, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: January 11, 2006
Filed: April 20, 2006

———————

Before WOLLMAN, JOHN R. GIBSON, and ARNOLD, Circuit Judges.

———————

ARNOLD, Circuit Judge.

Donald Washburn appeals his conviction on ten counts of wire fraud, *see* 18 U.S.C. § 1343, and two counts of money laundering, *see* 18 U.S.C. 1956(a)(1)(B)(i). The charges stemmed from Mr. Washburn's efforts to procure money from six individuals for two enterprises: a dice game to be marketed to casinos and an effort to obtain an international grant for DNA storage. The government's first attempt to try Mr. Washburn ended when the district court[1] declared a mistrial in response to the statements of a witness. His second trial ended in his conviction. The

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

district court sentenced Mr. Washburn to a term of 27 months.  Mr. Washburn challenges several aspects of his trial and sentencing.  We affirm.

I.

Before Mr. Washburn's first trial, the government sought permission to introduce evidence about another failed enterprise in which he was involved.  The investors in this earlier enterprise reported losing more than $1 million.  The government contended that this evidence was admissible under Federal Rule of Evidence 404(b) because it established both the intent to defraud and a pattern of deceitful financial transactions.  The district court questioned the relevance of the information, but agreed to admit it with one condition:  the government was not to refer to the amount lost in that enterprise because the district court believed that the $1 million figure was more prejudicial than probative.  On the first day of trial, however, the government's third witness disclosed the $1 million amount while answering questions on direct examination.  The defense moved for a mistrial, and the court granted the request.  The court empaneled a second jury several months later, and the government convicted Mr. Washburn without using any of the Rule 404(b) evidence at issue in the first trial.

Mr. Washburn maintains that the government intentionally provoked the mistrial and therefore his retrial violated the fifth amendment.  Because Mr. Washburn failed to object to his retrial, we review his double-jeopardy claim for plain error.  *See United States v. Sickinger*, 179 F.3d 1091, 1093 (8th Cir. 1999).  For Mr. Washburn to obtain relief under this standard, the error must be plain, it must have affected his substantial rights, and it must seriously have affected the fairness and integrity of judicial proceedings.  *United States v. Willis*, 433 F.3d 634, 637 (8th Cir. 2006).

Reviewing the record in this case, we conclude that there was no double-jeopardy error of any kind.  "When a defendant moves for a mistrial, the [double-jeopardy] doctrine does not bar retrial unless the prosecutor intentionally engaged in

conduct designed to provoke the defendant's motion." *United States v. Curry*, 328 F.3d 970, 972 (8th Cir. 2003). The transcript from Mr. Washburn's first trial amply supports a finding that the government did not intend to elicit the information that led to the mistrial. The government had avoided any disclosure of the dollar amount when its two previous witnesses were on the stand. The federal prosecutor apologized to the court for the disclosure and said that he had instructed all of the witnesses not to get into specific dollar amounts. The transcript reveals that even Mr. Washburn's trial counsel, when moving for a mistrial, agreed that the government did not intentionally elicit the information:

> MR. VAUGHN: Your honor, we have to object to this testimony and any further testimony on the part of this witness. Frankly, the Government has been very careful, and I've been very proud of the way they have presented these individuals and spoke in terms of "substantial amounts of money" and no dollar amounts have been mentioned. And out of the clear blue – I suppose I could have jumped up and said "I object," but I wasn't going to interrupt.

The record of the first trial does not reveal any evidence whatever of intentional misconduct designed to produce the mistrial. At most, the government made a mistake in questioning its witness. A mistake on the government's part that leads to a mistrial does not bar the retrial of the defendant. *Id.*

## II.

Before the first trial, Mr. Washburn filed a motion to strike several counts of the second superseding indictment. Specifically, Mr. Washburn contended that the government had improperly connected two separate enterprises (the dice game and the DNA grant) to construct one overarching scheme to defraud. The trial court agreed and dismissed the counts related to the dice game. The remaining case then proceeded to a trial which ended, as described above, in a mistrial.

Between the declaration of the mistrial and the beginning of the second trial, the government issued a third superseding indictment. That indictment again included the charges related to the dice game, but made clear that they were part of a separate scheme to defraud. Mr. Washburn argues on appeal that the reinstatement of the dice game charges amounted to prosecutorial vindictiveness that violated his due process rights. But because Mr. Washburn failed to object to the indictment before his retrial, we again review for plain error. *See United States v. Walls*, 293 F.3d 959, 970 (6th Cir. 2002), *cert. denied*, 537 U.S. 983 & 1022 (2002); *cf. United States v. Rodriguez*, 414 F.3d 837, 841-42 n.2 (8th Cir. 2005).

Mr. Washburn has not presented any objective evidence of vindictiveness, nor has he established that the government's conduct warrants a presumption of vindictiveness, *see United States v. Goodwin*, 457 U.S. 368, 373-80 (1982); *United States v. Punelli*, 892 F.2d 1364, 1371-72 (8th Cir. 1990). "[T]here can be no prosecutorial vindictiveness ... if some events or combination of events [would] indicate to a reasonable minded defendant that the prosecutor's decision to increase the severity of charges was motivated by some purpose other than a vindictive desire to punish for the exercise of a right." *United States v. Rodgers*, 18 F.3d 1425, 1430 (8th Cir. 1994) (internal quotations omitted). Here the mistrial provided the government with an opportunity to obtain a superseding indictment that properly laid out the charges that the district court had dismissed as improperly pleaded. Even if Mr. Washburn's first trial had ended in a verdict, the government could have proceeded to prosecute him for the dice game charges. The fact that it pursued those charges at his retrial did not violate Mr. Washburn's due process rights.

### III.

Mr. Washburn challenges the sufficiency of the evidence to support his convictions. We will affirm a criminal conviction if, viewing the evidence in the light most favorable to the government, a reasonable juror could have found the defendant

guilty beyond a reasonable doubt. *United States v. Liner*, 435 F.3d 920, 924 (8th Cir. 2006), *cert. denied*, No. 05-9586, R46-018, 2006 WL 584125 (U.S. April 6, 2006).

Mr. Washburn contends that with respect to Counts 1-11, the government failed to prove any scheme to defraud on his part. He maintains that the transactions were nothing more than personal loans, freely given, that took him longer than he originally thought to repay. After reviewing the record, we are satisfied that the jury could reasonably have believed that Mr. Washburn's inconsistent stories about the use of the funds, along with his various excuses for why he was unable to repay the principal and promised interest, demonstrated beyond a reasonable doubt that he deceived the contributors and did not intend to repay them at the time that he obtained the contributions.

Mr. Washburn also argues that the judgment on Count 12 must be reversed because the telephone call upon which that wire fraud charge was based was insufficiently connected to any scheme to defraud. Count 12 stems from an interstate telephone call that Mr. Washburn arranged between one of his contributors, Steven David, and a Shad Ellison. Mr. Washburn contends that this call is not sufficiently related to the scheme because it took place four months after he received money from Mr. David. We note, however, that the use of a wire may be considered sufficiently related to the scheme if it is used to "lull victims into a false sense of security, postpone inquiries or complaints, or make the transaction less suspect." *United States v. Tackett*, 646 F.2d 1240, 1243 (8th Cir. 1981) (citing *United States v. Maze*, 414 U.S. 395, 403 (1974)); *cf. United States v. Conners*, 894 F.2d 987, 994 (8th Cir. 1990). Viewing the evidence in the government's favor, we are satisfied that the jury could have found beyond a reasonable doubt that Mr. Washburn set up the call to reassure Mr. David and to prevent the discovery of his scheme.

IV.

A.

Mr. Washburn contends that the district court improperly shifted the burden of proof by giving two flawed jury instructions. When reviewing for instructional error, we generally will affirm if the entire charge to the jury, taken as a whole, fairly and adequately instructs the jurors on the law applicable to the case. *United States v. Blazek*, 431 F.3d 1104, 1109 (8th Cir. 2005). Mr. Washburn did not object to the instructions at trial, and thus we will not reverse absent plain error. *See United States v. Gaona-Lopez*, 408 F.3d 500, 506-07 (8th Cir. 2005).

Mr. Washburn first challenges Instruction 17, which said:

As to Counts 10 and 11, it is not necessary for the government to show that the transaction with a financial institution caused by the defendant, that is with Farmers State Bank, itself affected interstate or foreign commerce. All that is necessary is that at the time of the alleged offense, Farmers State Bank was engaged in or had other activities which affected interstate or foreign commerce in any way or degree.

It has been stipulated that Farmers State Bank was engaged in or had other activities which affected interstate or foreign commerce. You must treat this fact as having been proved.

According to Mr. Washburn, this instruction led the jury to believe that he had, in fact, caused the transaction with Farmers State Bank that was at issue, and that he had stipulated to the same. We are not persuaded. We believe that a reasonable juror would interpret the stipulation as extending only to the interstate commerce element of the charges. This reading is supported by Instruction 16, which clearly explained the elements of the offenses charged in Counts 10 and 11 and emphasized the government's burden of proving all of the elements, including that "the defendant voluntarily and intentionally" caused the transactions at issue. Instruction 19 also reiterated the burden of proof. Viewing the instructions as a whole, we are satisfied

that they adequately and fairly described the applicable law, and Instruction 17 did not affect Mr. Washburn's substantial rights.

Mr. Washburn also takes exception to the first sentence of Instruction 18: "You have heard evidence that the defendant repaid the victims in this case the principal amount of money they initially invested or loaned to the defendant as part of the alleged schemes to defraud."  By using the term "victims," Mr. Washburn contends, the district court provided the jury with an opinion that he was guilty.  We disagree. Although the term "alleged victim," would have been more precise, the instruction did refer to "*alleged* schemes to defraud" (emphasis added), and "jury instructions do not need to be technically perfect or even a model of clarity."  *United States v. Gianakos*, 415 F.3d 912, 920 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 764 (2005).  In any event, a number of courts have determined that the use of the term "victim" in jury instructions is not prejudicial to a defendant's rights when, as is the case here, the instructions taken as a whole clarify the government's burden of proving all elements of the crime.  *See e.g., Server v. Mizell*, 902 F.2d 611, 615 (7th Cir. 1990); *United States v. Granbois*, No. 03-30383, 119 Fed. Appx. 35, 38-39 (9th Cir. 2004) (unpublished mem. decision), *cert. denied*, 543 U.S. 1014 (2004); *Allen v. State*, 683 So. 2d 38, 43-44 (Ala. Crim. App. 1996); *State v. Nomura*, 903 P.2d 718, 721-23 (Haw. Ct. App. 1995); *Com v. Krepon*, 32 Mass. App. Ct. 945, 947, 590 N.E.2d 1165, 1167 (1992); *State v. Allen*, 92 N.C. App. 168, 171, 374 S.E.2d 119, 121 (1988).  The wording of Instruction 18 does not entitle Mr. Washburn to plain error relief.

B.

In addition to challenging two of the jury instructions that were given, Mr. Washburn maintains that the district court erred by failing to instruct the jury that he was entitled to rely in good faith on the advice of counsel.  Although Mr. Washburn did not request such an instruction, he asserts that the district court should have given it *sua sponte* to offset the government's implication that Mr. Washburn's offer to repay investors in the dice game enterprise was an attempt

to avoid liability. Again reviewing for plain error, *see Edwards v. United States*, 361 F.2d 732, 737 (8th Cir. 1966), we find nothing in the record requiring reversal. Mr. Washburn asserts that he relied on the advice of his attorney when he made arrangements to pay back the money that he had collected from the alleged victims of his fraud. The repayment negotiations, however, had nothing to do with the crimes charged. A court is not obligated to give a jury instruction on a particular defense if that defense does not have an adequate factual basis. *United States v. Parker*, 364 F.3d 934, 945 (8th Cir. 2004). Because Mr. Washburn did not contend at trial, and does not now contend, that he relied on the advice of counsel when he entered into the transactions for which he was found guilty, we find no error in the court's failure to give a jury instruction about the defense of reliance on counsel.

V.

Mr. Washburn appeals two aspects of his sentencing, both of which he contends violated his sixth amendment rights. He first argues that the trial court improperly determined that the loss attributable to his criminal activity was $45,000. At the time Mr. Washburn was tried, there was a great deal of uncertainty about the constitutionality of the federal sentencing guidelines because of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). In order to avoid any sixth amendment difficulties at sentencing, the district court gave the jury a special interrogatory on the amount of loss for which the defendant was responsible. The jury found that the amount of loss was between $5,000 and $10,000. By the time Mr. Washburn was sentenced, however, the Supreme Court had held that a judge could make sentencing determinations so long as the guidelines were advisory, not binding. *United States v. Booker*, 543 U.S. 220, 258-60 (2005). We later held that when a district court makes sentencing findings, the applicable burden of proof is the preponderance of the evidence. *United States v. Pirani*, 406 F.3d 543, 551 n.4 (en banc). The district court explicitly recognized that standard when it calculated the $45,000 loss amount at sentencing.

Mr. Washburn contends that once the jury returned its finding that the loss was between $5,000 to $10,000, the district court was bound by that determination. We disagree. It is true that "a fact proved beyond a reasonable doubt cannot simultaneously be disproved by a preponderance of the evidence." *United States v. Campos*, 362 F.3d 1013, 1016 (8th Cir. 2004). But the jury's finding was mere surplusage, as there was no need to submit the matter of the loss amount to the jury. Even if the jury's finding were somehow binding, it could establish only that there was no reasonable doubt that Mr. Washburn was responsible for a loss between $5,000 and $10,000. It does not preclude a finding by a preponderance of the evidence that Mr. Washburn was responsible for a greater amount. *Cf. United States v. Dabney*, 367 F.3d 1040, 1043 (8th Cir. 2004). We find no error in the district court's determining that Mr. Washburn was responsible for a loss of $45,000.

Mr. Washburn also contends that the district court violated his sixth amendment rights when it determined that his conduct warranted a two-level enhancement due to an obstruction of justice. *See* U.S.S.G. § 3C1.1. We find no basis for Mr. Washburn's constitutional argument. The district court's determination that an obstruction-of-justice enhancement is warranted does not violate the sixth amendment under an advisory-guidelines system. *See Booker*, 125 S. Ct. at 764-65; *United States v. Gutierrez,* 437 F.3d 733, 736 (8th Cir. 2006).

We also reject Mr. Washburn's contention that there was no basis in the record for the two-level enhancement for obstruction of justice. The government's request for the enhancement was based on affidavits that Mr. Washburn and one of his attorneys at the time presented to some of his victims as a condition to repayment while the government was investigating this case. Mr. Washburn's attorney testified at the sentencing hearing that he prepared the affidavits in an effort to protect his client's legal rights. The district court, however, determined that the affidavits contained misleading information, and that Mr. Washburn had "his own agenda and his own motives" in trying to get the victims to sign the affidavits. The district court

found that Mr. Washburn sought the execution of these affidavits to interfere with the government's case against him, and we cannot say that the district court's finding was clearly erroneous. *See United States v. Denton*, 434 F.3d 1104, 1114 (8th Cir. 2006).

## VI.

For the reasons stated, we affirm Mr. Washburn's convictions and sentence.

_____