# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2252

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Donald Lee Bowers, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 31, 2006
Filed: June 2, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Donald Bowers pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Having determined that the advisory Sentencing Guidelines imprisonment range was 135-168 months for the drug offense and 120 months (the statutory maximum) for the firearm offense, the district court[1] imposed concurrent prison terms of 135 months and 120 months. Bowers appeals, arguing in a brief filed under Anders v. California,

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

386 U.S. 738 (1967), that the court abused its discretion in denying his motion for downward departure or deviation from the Guidelines range.

The district court's decision not to exercise its authority to depart downward is unreviewable. See United States v. Morell, 429 F.3d 1161, 1164 (8th Cir. 2005) (district court's decision not to depart downward is not reviewable under 18 U.S.C. § 3742); United States v. Dabney, 367 F.3d 1040, 1044 (8th Cir. 2004) (district court's refusal to grant downward departure is generally unreviewable on appeal, unless district court had unconstitutional motive or erroneously believed that it was without authority to grant departure). Further, Bowers has not satisfied his burden to rebut the presumption that his sentences are reasonable. See United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within applicable Guidelines range is presumptively reasonable and burden is on defendant to rebut that presumption), cert. denied, 126 S. Ct. 840 (2005); United States v. Haack, 403 F.3d 997, 1004 (8th Cir.) (standard of review), cert. denied, 126 S. Ct. 276 (2005).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm.

_____