# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3408

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　　 *
　　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
Carl H. Wilson,　　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　　*　　　 [UNPUBLISHED]
　　　　　　Appellant.　　　　　　　　 *

_____

Submitted: October 27, 2006
Filed: November 7, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Carl H. Wilson guilty of aiding and abetting the distribution of a substance containing 5 or more grams of cocaine base, and possessing a substance containing cocaine base. The district court[1] entered judgment upon the verdict and sentenced Wilson to a total of 76 months in prison and 4 years of supervised release. On appeal, Wilson challenges the sufficiency of the evidence as to the aiding-and-abetting offense, and we affirm.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

We review de novo a challenge to the sufficiency of the evidence, viewing the evidence in the light most favorable to the government, and giving the verdict the benefit of all reasonable inferences. See United States v. Funchess, 422 F.3d 698, 700-01 (8th Cir. 2005), cert. denied, 126 S. Ct. 1452 (2006). Wilson's conviction for aiding and abetting the distribution of cocaine base required proof that he (1) associated himself with the distribution of cocaine base, (2) participated in the activity as a thing that he wished to bring about, and (3) sought by his action to make it succeed. See United States v. Mendoza, 421 F.3d 663, 668-69 (8th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).

In relevant part, the evidence at Wilson's trial consisted of the testimony of law enforcement officials who were involved in an investigation of Wilson's father's residence, reputed to be a place where drugs were sold, in Cape Girardeau, Missouri. One officer, whose testimony included an in-court identification of Wilson, worked with a confidential informant (CI) to make a controlled purchase of 7.6 grams of cocaine base on August 13, 2002. The officer went with the CI into the residence, and observed the CI--who created an audiotape of the transaction--return from the back part of the house, accompanied by Wilson. The officer handed the CI $500 after she gave him a small plastic bag containing cocaine base, and the CI in turn gave the money to Wilson, who counted it and returned to the back room. Wilson complains that the traditional safeguards of a controlled drug buy were not employed in this case, because the CI was not searched before and after the transaction, and the officer did not maintain visual surveillance of her at all times. Wilson also complains that the passage of time between the drug transaction and Wilson's trial undermined the officer's in-court identification of him, and that an audio transcript of the transaction did not prove Wilson's knowledge of the drug transaction and was inconsistent with the officer's testimony concerning where people were standing at various times. We reject these arguments to the extent Wilson is simply challenging the credibility of witnesses. See United States v. Dabney, 367 F.3d 1040, 1043 (8th Cir. 2004) (reviewing court does not usurp jury's role in judging witnesses' credibility when

evaluating sufficiency of evidence); <u>United States v. Agofsky</u>, 20 F.3d 866, 869 (8th Cir. 1994) (jury must resolve conflicts in testimony and judge credibility of witnesses).  In addition, we believe the evidence was sufficient to establish Wilson's association with and participation in the drug sale.  <u>See</u> <u>Mendoza</u>, 421 F.3d at 669 (government was not required to prove actual sale by defendant in order to impose liability on aiding-and-abetting theory); <u>United States v. Ellefson</u>, 419 F.3d 859, 863 (8th Cir. 2005) (jury verdict may be based on circumstantial as well as direct evidence).

Accordingly, we affirm.

_____