# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2965

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　　Appellee,　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of Minnesota.
Scott Kimrey Goldsmith,　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　　Appellant.　　　　*

_____

Submitted: February 14, 2007
Filed: May 18, 2007

_____

Before RILEY, MELLOY, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Scott Kimrey Goldsmith pled nolo contendere to twelve charges of failing to pay over withheld taxes and four charges of failing to file individual income tax returns. See 26 U.S.C. §§ 7202, 7203. The district court[1] sentenced Goldsmith to thirty-three months imprisonment. In two issues on appeal, Goldsmith contends that the district court (1) refused to depart downward on the basis of Goldsmith's diminished capacity based upon an erroneous belief that it lacked the authority to depart, and (2) imposed an unreasonable sentence. We affirm the sentence.

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

I.

After working as a civil litigator at law firms in Minneapolis, Minnesota, Goldsmith established his own law firm, Goldsmith & Associates, in 1997. As owner and president of Goldsmith & Associates, Goldsmith withheld federal and state income taxes and Social Security and Medicare taxes from his employees' paychecks. Goldsmith, however, did not pay over the tax money to the Internal Revenue Service (IRS) and the Minnesota Department of Revenue, nor did he pay over his employer's share of Social Security and Medicare taxes. Additionally, Goldsmith did not timely file individual federal or state income tax returns from 1999 through 2002 on approximately $1.35 million of income.

In June 2005, Goldsmith was charged with twelve felony counts of failing to pay over to the IRS the money he withheld from his employees, and four misdemeanor counts of failing to file his own federal income tax returns. In October 2005, four days before trial was set to begin and without any agreement with the government, Goldsmith entered pleas of nolo contendere to each of the sixteen counts in the indictment. Over the government's objection, the district court accepted Goldsmith's plea.

Before the sentencing hearing, Goldsmith submitted a Sentencing Memorandum to the district court arguing for a downward departure under United States Sentencing Guideline section 5K2.13 based on his significantly reduced mental capacity. See U.S. Sentencing Guidelines Manual § 5K2.13 (2002) ("A sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity.") Goldsmith claimed to suffer from a major depressive disorder that caused his misconduct. The government opposed a downward departure based on diminished capacity, and disagreed "with the allegations that Mr. Goldsmith suffered from any such disability.

It believes Mr. Goldsmith, like most common criminals, preferred to spend money on himself and was willing to steal it from his employees and the government."

At the sentencing hearing, the district court found that, at that moment, Goldsmith was mentally ill and in need of treatment, and criticized the sentencing guidelines as a "national policy . . . [that] has . . . put very seriously mentally ill people in prison." Despite these findings, the district court denied Goldsmith's request for a section 5K2.13 departure, finding that his was "not an unusual case justifying a departure from the guideline range." The district court did, however, award Goldsmith a two-point reduction for acceptance of responsibility, even though Goldsmith pled nolo contendere, because it found that he was suffering from a depressive disorder at the time of his change-of-plea hearing.

The district court calculated Goldsmith's sentencing range to be thirty-three to forty-one months imprisonment, and imposed a sentence of thirty-three months. The district court strongly recommended that the Bureau of Prisons (BOP) place Goldsmith in the Federal Medical Center in Rochester, Minnesota; instead, the BOP placed Goldsmith in the Federal Prison Camp in Duluth, Minnesota. Goldsmith appeals from the judgment of the district court.

## II.

In his first issue, Goldsmith contends that the district court refused to depart downward on the basis of his diminished capacity based upon an erroneous belief that it lacked the authority to depart. Specifically, Goldsmith contends that by refusing to depart, despite finding that Goldsmith was "seriously, seriously mentally ill and [has] been for a long, long time," the district court exhibited a belief that it could not depart.

"A district court's refusal to grant a downward departure is generally unreviewable on appeal, unless the district court had an unconstitutional motive or erroneously believed that it was without authority to grant the departure." United States v. Dabney, 367 F.3d 1040, 1044 (8th Cir. 2004) (quoting United States v. Gonzalez-Lopez, 335 F.3d 793, 799 (8th Cir. 2003)).

The district court was aware of its authority to depart pursuant to section 5K2.13 but chose not to do so, a decision that we cannot review on appeal. At the change of plea hearing, the district court advised Goldsmith before taking his nolo plea that departures from the guideline range were possible. At the sentencing hearing, the district court expressly denied Goldsmith's departure after the matter was briefed and argued by the parties, stating, "I'm going to deny the requested variance and I'm going to sentence you within the guideline range because I believe that it is appropriate in this case."

When determining Goldsmith's sentence, "the Court heavily consider[ed his] diminished mental health." The district court recognized that Goldsmith was mentally ill at the time of the plea and sentencing hearings, and heard evidence that Goldsmith's condition caused his misconduct. However, the district court found that his was "not an unusual case justifying a departure from the guideline range." Because the district court was aware of its authority to depart, its decision declining to depart is unreviewable. See Dabney, 367 F.3d at 1044.

In his second issue, Goldsmith contends that the district court's sentence was unreasonable. Specifically, Goldsmith contends that: (1) the district court's refusal to depart was a failure to give considerable weight to a significant factor or a clear error of judgment; (2) the district court's alleged belief that national policy required it to imprison the mentally ill was a failure to give considerable weight to a significant factor or was a clear error of judgment; and (3) the district court's reliance on its

recommendation to imprison Goldsmith in Federal Medical Center-Rochester amounted to giving significant weight to an improper factor.

"We review a sentence for unreasonableness, guided by the sentencing factors listed in 18 U.S.C. § 3553(a)." United States v. Pizano, 403 F.3d 991, 995 (8th Cir. 2005). Sentences within the guideline range are "presumptively reasonable." United States v. Lincoln, 413 F.3d 716, 717 (8th Cir.), cert. denied, 546 U.S. 1081 (2005).

A sentence within the guidelines range may be unreasonable if the sentencing court: (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment. United States v. Haack, 403 F.3d 997, 1004 (8th Cir.), cert. denied, 546 U.S. 913 (2005). We review the reasonableness of a sentence for abuse of discretion. United States v. Larrabee, 436 F.3d 890, 892 (8th Cir. 2006).

The district court's imposition of a thirty-three month sentence, at the bottom of the guideline range of thirty-three to forty-one months, was reasonable. As the district court stated at the sentencing hearing, it chose the sentence to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and provide just punishment and public protection. See 18 U.S.C. § 3553(a)(2)(A)-(C). Further, the district court awarded a two-point reduction for acceptance of responsibility based on Goldsmith's mental condition, which benefitted Goldsmith, and was not required.

Additionally, Goldsmith's contentions regarding the Haack factors lack merit. See Haack, 403 F.3d at 1004. The district court did not fail to give considerable weight to Goldsmith's mental condition or make a clear error of judgment. As the district court stated, "When determining this sentence the Court heavily consider[ed] the diminished mental health of the Defendant." Further, as we discussed above, the district court was aware of its authority to depart pursuant to section 5K2.13 but chose

not to do so. Likewise, the district court denied Goldsmith's variance because it found that this was "not an unusual case justifying a departure from the guideline range," not because it felt pressured to comply with an overarching national policy of imprisoning the mentally ill. Finally, the district court acknowledged that the BOP would ultimately determine where to place Goldsmith, and merely recommended, albeit strongly, that the BOP place Goldsmith in Federal Medical Center-Rochester.

## III.

Because the district court did not err, we affirm.

_____