# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2965

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Scott Kimrey Goldsmith, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 13, 2008
Filed: May 2, 2008

_____

Before RILEY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

This case is before us on remand from the United States Supreme Court for reconsideration in light of Gall v. United States, 128 S. Ct. 586 (2007). After reconsidering Goldsmith's sentence as directed by the Supreme Court, we affirm the district court's[1] sentence of 33 months of imprisonment.

Goldsmith appealed to this court the sentence imposed by the district court after his plea of nolo contendere to twelve felony counts of failing to pay over withheld

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

taxes and four misdemeanor counts of failing to file individual income tax returns. See 26 U.S.C. §§ 7202, 7203. The district court calculated an advisory Sentencing Guidelines range of 33 to 41 months imprisonment and sentenced Goldsmith at the bottom of that range, 33 months of imprisonment. Further explanation of the underlying facts may be found at United States v. Goldsmith, 486 F.3d 404 (8th Cir. 2007), vacated, 128 S. Ct. 893 (2008).

On appeal, this court rejected both of Goldsmith's sentence-related contentions. First, we found that the record did not support his assertion that the district court refused to depart downward on the basis of his alleged diminished capacity, see United States Sentencing Commission, Guidelines Manual, § 5K2.13 (Nov. 2002) ("A sentence below the applicable guidelines range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity."), based upon an erroneous belief that it lacked the authority to depart because the district court stated, on the record, that it was not granting the departure because this was "not an unusual case justifying a departure from the guideline range." Second, we determined that none of Goldsmith's arguments demonstrated that his sentence was unreasonable.

Pursuant to Gall, in "review[ing] the imposition of sentences, whether inside or outside the Guidelines range, we apply 'a deferential abuse-of-discretion standard.'" United States v. Hayes, 518 F.3d 989, 995 (8th Cir. 2008) (quoting Gall, 128 S. Ct. at 591). Goldsmith's 33-month sentence is within a properly calculated Guidelines range, which we presume reasonable. Id. (citing Rita v. United States, 127 S. Ct. 2456, 2462 (2007)). At sentencing, the district court articulated its reasoning for the sentence imposed, considering the seriousness of the offense as well as the requirements that the sentence promote respect for the law, afford adequate deterrence, provide just punishment, and protect the public. See 18 § U.S.C. 3553(a)(2)(A)-(C). This court's pre-Gall requirement that an extraordinary variance be justified by extraordinary circumstances was not applied by the district court in

sentencing Goldsmith nor by this court in affirming his sentence. See Goldsmith, 486 F.3d 404. So the fact that, "our standard of review is more deferential than when we employed the 'extraordinary circumstances' method," United States v. Braggs, 511 F.3d 808, 812 (8th Cir. 2008), does not call into question Goldsmith's sentence. Rather, Gall strengthens this court's previous affirmance of the sentence in that, because Goldsmith alleges none of the "significant procedural errors" outlined by Gall, and we find none, the sentence is "procedurally sound," see 128 S. Ct. at 597. Therefore, we apply Gall's "more deferential" abuse-of-discretion standard, see Braggs, 511 F.3d at 812, and affirm Goldsmith's sentence. Goldsmith's motion for remand and release is denied.

_____