**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4750**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

TERRY WAINWRIGHT MITCHELL,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., District
Judge.  (3:09-cr-00501-JFA-21)

_____

Submitted:  August 29, 2012          Decided:  August 31, 2012

_____

Before WILKINSON, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Matthew M. Robinson, ROBINSON & BRANDT, P.S.C., Covington,
Kentucky, for Appellant.   William N. Nettles, United States
Attorney, Stacey D. Haynes, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Wainwright Mitchell was convicted by a jury of conspiracy to possess with intent to distribute and distribute five kilograms or more of powder cocaine and fifty grams or more of cocaine base (crack), 21 U.S.C. § 846 (2006) (Count 1), and three counts of using a telephone to facilitate a felony (Counts 60-62), 21 U.S.C. § 843(b) (2006). The verdict form included a special interrogatory which required the jury to decide the quantity of crack and cocaine specifically attributable to Mitchell; the jury found that Mitchell was responsible for the charged amounts.

In the presentence report, the probation officer noted the jury's finding that fifty grams of crack and five kilograms of cocaine were reasonably foreseeable to Mitchell, and based the offense calculation on those drug amounts. At the same time, the probation officer calculated a lower quantity based on his analysis of the trial testimony, which excluded certain drug amounts to avoid double counting. At the sentencing hearing, acting pro se, Mitchell challenged the amount of drugs attributed to him for Guidelines purposes. The district court decided that it was bound to accept the jury's finding of drug quantities on the special verdict form and overruled his objection. The court adopted the recommendation in the presentence report and determined that Mitchell's advisory

2

Guidelines range was 135-168 months. The court sentenced Mitchell to a term of 152 months imprisonment. Mitchell appeals his sentence, arguing that the district court erred in failing to make an individualized determination of the quantity of drugs attributable to him for Guidelines purposes. We affirm.

The district court's decision that it was constrained to use the drug amounts from the verdict form, and lacked the authority to make an independent determination of Mitchell's base offense level under U.S. Sentencing Guidelines Manual § 2D1.1 (2010), is a legal determination; thus, we review it de novo.[*] United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). Because the jury found that fifty grams of crack or more and five kilograms of cocaine or more were attributable to Mitchell, his statutory sentencing range was ten years to life under § 841(b)(1)(A). United States v. Collins, 415 F.3d 304, 313 (4th Cir. 2005); United States v. Promise, 255 F.3d 150, 156 (4th Cir. 2001).

However, "beyond establishing the maximum sentence that could be imposed on [the defendant], the jury's drug-quantity determination placed no restraints on the district court's authority to find facts relevant to sentencing." United

---

[*] Because at sentencing Mitchell contested the quantity of drugs attributed to him, he preserved the issue for review.

3

States v. Young, 609 F.3d 348, 357 (4th Cir. 2010); see also United States v. Brooks, 524 F.3d 549, 560 n.20 (4th Cir. 2008) ("sentencing court is free to calculate the advisory Guidelines range using facts that it finds by a preponderance of the evidence, including individualized drug quantities, . . . within the confines of the applicable statutory range"). The current sentencing process requires the district court to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall v. United States, 552 U.S. 38, 49–50 (2007). To do so, "the district court must make relevant factual findings based on the court's view of the preponderance of the evidence." Young, 609 F.3d at 357.

Mitchell argues that the district court should have adopted the probation officer's lower estimate of the drug quantity attributable to him. Using the drug quantities from the jury's verdict form, the district court calculated a Guidelines range of 135-168 months. Mitchell assumes that the court could have imposed a sentence as low as 120 months, the statutory minimum.

However, in fact, the district court was not free to attribute a lesser quantity of crack and cocaine to Mitchell for Guidelines purposes than the jury did for purposes of determining the statutory sentencing range. A finding of less than fifty grams of crack or less than five kilograms of cocaine

4

would have violated the non-contradiction principle which prohibits the district court from finding facts by a preponderance of the evidence that contravene the jury's finding beyond a reasonable doubt.  See United States v. Curry, 461 F.3d 452, 460-61 (4th Cir. 2006) (vacating variance sentence based on finding counter to evidence and verdict); United States v. Washburn, 444 F.3d 1007, 1014 (8th Cir. 2006) (loss amount in special verdict not disprovable by preponderance of the evidence); United States v. Campos, 362 F.3d 1013, 1015-16 (8th Cir. 2004) (vacating sentence where district court found lesser amount of drugs than jury's verdict).  Therefore, the district court did not err in adopting the drug quantity determined by the jury.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED