# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1586

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Jimmy Dwayne Morell, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 11, 2005
Filed: December 1, 2005

_____

Before LOKEN, Chief Judge, GRUENDER, and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Jimmy D. Morell pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2) and 2256(2), (8)(A). The district court[1] sentenced Morell to 92 months' imprisonment. Morell appeals the sentence. For the reasons discussed below, we affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District for the Western District of Arkansas.

## I.    Background

Morell pleaded guilty after United States Customs agents searched his residence and seized computer equipment on which child pornography was stored. At sentencing, Morell objected generally to any increase in his sentence that was based on judicial fact-findings, arguing that *United States v. Booker*, 125 S.Ct. 738 (2005), proscribes increasing a sentence based on facts not found by a jury or admitted by the defendant. Morell also objected to the district court calculating his base offense level according to the image trafficking provision of the United States Sentencing Guidelines rather than the image possession provision. In addition, Morell unsuccessfully argued that his criminal history warranted a downward departure. Using the 2003 edition of the guidelines manual, the district court determined that Morell's offense level was 26 and his criminal history category was IV, providing an advisory guidelines range of 92-115 months. The district court sentenced Morell to 92 months' imprisonment. On appeal, Morell argues the district court erred on several issues of law and in its application of the guidelines.

## II.    Discussion

Morell argues that the district court erred in holding that a sentence within the applicable guidelines range is prima facie reasonable. We review the district court's conclusions of law de novo. *United States v. Mashek*, 406 F.3d 1012, 1016 (8th Cir. 2005). Morell's argument mischaracterizes what the district court reasoned. The district court opined:

> I think there's some merit to the [n]otion that at least it
> might be argued that it would be prima facie reasonable, if
> I may use that term, to start there with the guidelines, and
> then consider whether there are features and arguments that
> . . . would persuade the Court to go away from or to find a

> different level or a different area of the range of sentence
> that's available under the statute to fix the sentence.

In other words, the district court stated that it might be appropriate to begin with the guidelines when making a sentencing determination. This approach is consistent with *Booker* and is not error. *Booker*, 125 S.Ct. at 767 (holding that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing"); *Mashek*, 406 F.3d at 1016 n.4 (collecting cases and holding that "[t]he appropriate guidelines range, though now calculated under an advisory system, remains the critical starting point for the imposition of a sentence under § 3553(a)").

Morell next argues that the district court erred under *Booker* by making findings of fact when applying the guidelines. Judicial fact-finding is permitted provided that it is done with the understanding that the guidelines are to be applied in an advisory fashion. *United States v. Ameri*, 412 F.3d 893, 899 (8th Cir. 2005) (citing *United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005)). Because the record establishes that the guidelines were applied in an advisory manner, the district court did not err in finding facts that enhanced the advisory guidelines sentence.

Morell also claims the district court erred by enhancing his sentence based on his prior convictions. According to Morell, *Shepard v. United States*, 125 S.Ct. 1254 (2005), implicitly overruled *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), thereby making it error to enhance a sentence based on prior convictions. This Court has held that it remains "bound by *Almendarez-Torres* until the Supreme Court explicitly overrules it." *United States v. Torres-Alvarado*, 416 F.3d 808, 810 (8th Cir. 2005). Accordingly, the district court did not err by enhancing the sentence based on Morell's prior convictions.

Lastly, Morell argues that the district court erred in its application of the guidelines in two ways: first, by incorrectly calculating the base offense level; and

second, by refusing to depart downward based on a criminal history category that Morell claims overstated the seriousness of his prior criminal conduct. Morell incorrectly cites reasonableness as the standard of review for these issues.[2] We have held that questions involving the application of the guidelines are reviewed de novo. *United States v. Mathijssen*, 406 F.3d 496, 498 (8th Cir. 2005).

Morell's argument regarding the calculation of his base offense level is meritless. He argues that because he pleaded guilty only to possessing, but not to trafficking in, child pornography, a base offense level of 15 was required pursuant to U.S.S.G. § 2G2.4, the guidelines provision setting the base offense level for image possession. However, the Presentence Investigation Report ("PSR"), to which Morell did not object, supports the district court's determination that Morell did, in fact, traffic in child pornography. Because Morell did not object to the specific facts set forth in the PSR, the district court did not err in relying on them. *United States v. Arrieta-Buendia*, 372 F.3d 953, 955 (8th Cir. 2004). Thus, the district court correctly determined a base offense level of 17 pursuant to U.S.S.G. § 2G2.2, the guidelines provision setting the base offense level for image trafficking.

The argument that the district court improperly refused to depart downward pursuant to U.S.S.G. § 4A1.3 based on Morell's claim that his criminal history category over-represented the seriousness of his criminal conduct also fails. The decision not to depart downward is not reviewable under 18 U.S.C. § 3742. *United States v. Frokjer*, 415 F.3d 865, 875 (8th Cir. 2005) (holding that "we see no reason why *Booker* –which left intact §§ 3742(a) and (b)–should alter our rule that a district court's discretionary decision not to depart downward is unreviewable"). We thus decline further review on this issue.

---

[2]Morell does not argue that his sentence is unreasonable. The argument in his brief is framed solely as a challenge to the application of the guidelines.

## III.    Conclusion

Accordingly, we affirm the sentence of the district court.

_____