# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1861

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Shawn Rogers, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2006
Filed: February 17, 2006

_____

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

Shawn Rogers pleaded guilty to conspiracy to distribute and possess with intent to distribute five hundred grams or more of methamphetamine. At his post-Booker sentencing, Rogers moved for a downward departure under U.S.S.G. § 4A1.3 arguing his criminal history was overstated. The district court[*] denied the motion and sentenced Rogers at the low end of the guidelines range to 151 months in prison and five years of supervised release. On appeal, Rogers contends the district court should have granted his motion for a downward departure under § 4A1.3.

_____

[*]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Section 4A1.3(b)(1) provides a downward departure may be warranted if reliable information shows a defendant's criminal history category substantially overrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. Rogers contends his criminal history category of IV substantially overrepresents the seriousness of his criminal history, which includes a conviction for possession of marijuana, a conviction for issuing a bad check, and two convictions for nonpayment of child support.

At sentencing, the district court recognized Rogers had filed a motion for a downward departure based on the overrepresentation of his criminal history. Rogers declined to present evidence regarding his motion and relied on his argument that the repeated nonsupport convictions caused his criminal history to be overrepresented. After hearing argument, the district court stated that although there are more serious offenses than nonpayment of child support, Rogers's level of nonsupport indicated a disregard for court orders and the justice system. The court also observed that Rogers's criminal history pattern indicated a need for rehabilitation to affect a change of lifestyle. The district court clearly recognized its authority to depart and simply chose not to do so. Under the circumstances, the district court's refusal to depart is not reviewable. United States v. Morell, 429 F.3d 1161, 1164 (8th Cir. 2005).

We thus affirm the district court.

_____