# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

―――――――

No. 05-2079

―――――――

United States of America,           *
                                    *
                 Appellee,          *      Appeal from the United States
                                    *      District Court for the District
        v.                          *      of Nebraska.
                                    *
Octavio Barron,                     *           [UNPUBLISHED]
                                    *
                 Appellant.         *

―――――――

Submitted: February 13, 2006
     Filed:   February 17, 2006

―――――――

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

―――――――

PER CURIAM.

Octavio Barron pleaded guilty to conspiracy to distribute and possess with intent to distribute five hundred grams or more of methamphetamine. The presentence report (PSR) recommended an advisory guidelines range of 121 to 151 months. Barron did not object to the PSR. Before sentencing, Barron filed a motion requesting a downward departure on the ground that his criminal history category of IV oversstated the seriousness of some of his earlier offenses–property damage, theft, and possession of a small quantity of marijuana. Barron argued the district court[*]

―――――――

[*]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

should reduce his criminal history by two points, placing him in a guidelines range of 108 to 135 months. After observing that a statutory mandatory minimum of 120 months applied, the court stated it had carefully reviewed Barron's downward departure motion and would deny it because Barron's criminal history was not "overstated either from the viewpoint of the description of the criminal behavior or its predictive value [for] recidivism." The court sentenced Barron to 136 months in prison and five years of supervised release. On appeal, Barron argues the district court committed error in denying his downward departure motion.

Section 4A1.3(b)(1) of the federal sentencing guidelines provides a downward departure may be warranted if reliable information shows a defendant's criminal history category substantially overrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. In the case at hand, the district court acknowledged Barron had filed a motion for a downward departure based on the overrepresentation of his criminal history. The district court clearly recognized its authority to depart and simply chose not to do so. Under the circumstances, the district court's refusal to depart is not reviewable. United States v. Morell, 429 F.3d 1161, 1164 (8th Cir. 2005). Further, the district court correctly calculated the applicable guidelines range and imposed a sentence reflecting consideration of the factors in 18 U.S.C. § 3553(a). Thus, Barron's sentence is reasonable.

Accordingly, we affirm Barron's sentence.

_____