# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3201

_____

United States of America,　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　　　　　　　Appellee,　　　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　　　v.　　　　　　　　　　　　　　 * Appeal from the United States
　　　　　　　　　　　　　　　　　　 * District Court for the
Rafael Urbina-Hernandez,　　　　　　 * Southern District of Iowa.
　　　　　　　　　　　　　　　　　　 *
　　　　　　　Appellant.　　　　　　　 * [UNPUBLISHED]

_____

Submitted: May 24, 2006
Filed: May 30, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Rafael Urbina-Hernandez (Hernandez) pleaded guilty to illegally reentering the United States after having been deported following a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). At sentencing the district court[1] refused to depart downward from the applicable Guidelines range and imposed a sentence of 48 months in prison and 2 years of supervised release. On appeal, counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Hernandez's sentence is unreasonable.

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Hernandez may not assign error based on the district court's refusal to depart at sentencing, because the court's ruling was discretionary and not the result of a mistaken belief that the court lacked authority to depart. See United States v. Morell, 429 F.3d 1161, 1164 (8th Cir. 2005) (discretionary denial of downward departure is unreviewable). Also, Hernandez has not rebutted the presumption of reasonableness that attaches to a sentence imposed within the applicable Guidelines range. See United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable; defendant bears burden to rebut presumption of reasonableness), cert. denied, 126 S. Ct. 840 (2005).

Having carefully reviewed the record, we find no nonfrivolous issues for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988). Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw.

_____