# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3706

_____

United States of America,　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　 *
　　　　　　　　　　　　　　　　　*　Appeal From the United States
　　v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Western District of Arkansas.
Steven Gerard Willard,　　　　　 *
　　　　　　　　　　　　　　　　　*　　　　[UNPUBLISHED]
　　　　　　Appellant.　　　　　　 *

_____

Submitted:　June 12, 2006
　　 Filed:　June 16, 2006

_____

Before SMITH, HEANEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

　　　　Steven Gerard Willard pled guilty to one count of traveling in interstate commerce for the purpose of sexual conduct with a person under eighteen and one count of transporting child pornography via the internet. The district court[1] sentenced him to 168 months of imprisonment, followed by supervised release for life. He appeals his sentence, and we affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

Willard was indicted following a sting operation aimed at internet-based sexual predators. He initiated internet-based conversations with what he thought were two girls, aged twelve and thirteen. In actuality, they were fictitious identities maintained by an adult private citizen,[2] who contacted police after Willard sent sexually explicit images to one of her alternate identities, "Fancydancer14." Willard, a Washington resident, arranged to meet Fancydancer14 in her home state of Arkansas. When he arrived at the agreed-upon hotel room, he was arrested. A subsequent search of his residence uncovered child and adult pornography.

Willard was then charged with one count of traveling in interstate commerce to engage in sexual conduct with a minor,[3] and five counts of transmitting child pornography in interstate commerce.[4] He entered into a plea agreement, whereby he pled guilty to the charge of traveling in interstate commerce to engage in sexual conduct with a minor and one count of transmitting child pornography in exchange for the dismissal of the remaining charges. At sentencing, he argued that offense-related enhancements could not be imposed because they were not admitted or proven to a jury beyond a reasonable doubt. The district court held a lengthy sentencing hearing in which a number of witnesses were called to present testimony related to the enhancements. At the end of the hearing, the district court overruled Willard's objection, and calculated a guidelines range of 168 to 210 months. Willard was sentenced to 168 months, and this appeal followed.

Willard first argues that the court could not impose any enhancements unless they were pled and proven to a jury beyond a reasonable doubt or admitted by him.

---

[2]By perhaps strange fortuity, both "girls" Willard chatted with were the same person.

[3]18 U.S.C. § 2423(b).

[4]18 U.S.C. § 2252A(a)(1).

This contention is at odds with our circuit precedent. "Nothing in [United States v. Booker, 543 U.S. 220 (2005)] suggests that sentencing judges are required to find sentence-enhancing facts beyond a reasonable doubt under the advisory Guidelines regime." United States v. Pirani, 406 F.3d 543, 551 n.4 (8th Cir. 2005) (en banc). A judge may find facts that enhance a sentence without violating a defendant's jury trial rights, so long as the judge understands that the guidelines are advisory. United States v. Morell, 429 F.3d 1161, 1164 (8th Cir. 2005).

The record in this case leaves no question that the district court understood Booker's impact. It noted that the Supreme Court struck down the mandatory portion of the guidelines and left the remainder intact, such that enhancements remained the product of judicial factfinding. This circuit has previously rejected Willard's argument that facts must be found by a jury before they are used to enhance a sentence. Pirani, 406 F.3d at 551.

Willard next argues his sentence is "unreasonable," as that term applies to post-Booker sentences. A sentence is unreasonable if it appears the court gave significant weight to an improper factor, failed to fully consider an appropriate factor, or otherwise made a clear error of judgment. United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005). A sentence within the recommended guidelines range, however, is presumed reasonable. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005).

Willard's sentence of 168 months is at the low end of his guidelines range, and thus presumptively reasonable. Willard does not offer any specific reason why his sentence is unreasonable. Rather, he claims it is unreasonable because it was the product of enhancements imposed due to judge-found facts. As stated above, that argument fails, and he directs us to nothing else in the record indicating his sentence is unreasonable in light of the § 3553(a) factors. The sentencing transcript contains a lengthy discussion in which the district court carefully considers those factors and

how they ought to apply to Willard's situation and ultimate sentence.  We find no error here.

For the reasons stated above, we affirm.

_____