# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1961

_____

United States of America,          *
                                           *

        Plaintiff - Appellee,     *

                                            * Appeal from the United States
    v.                           * District Court for the District
                                           * of Nebraska.

Craig J. Kiertzner,          *

                                           * [PUBLISHED]
        Defendant - Appellant.   *

_____

Submitted: December 12, 2005
Filed: August 21, 2006

_____

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

      Craig Kiertzner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The facts underlying his plea involved his receipt, possession, and offer for sale of eleven firearms allegedly owned by his father. The plea agreement included a recommendation for an offense-level adjustment based on acceptance of responsibility and a recommendation for sentencing at the low end of the Guidelines range. Kiertzner entered his plea on November 1, 2004. Prior to

sentencing, the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005).

At sentencing, Kiertzner alleged that his possession of the firearms did not involve the type of harm or risk of harm envisioned by Congress when Congress prohibited felons from possessing firearms. Rather, he alleged that he merely possessed the firearms temporarily in order to dispose of them, by sale, for his aged and infirm father. Based on this argument, he made specific requests for traditional departures under U.S.S.G. §§ 5K2.0 (outside the heartland) and 5K2.11 (lesser harms). He also requested, based on the logic of his arguments for these traditional departures and all of the factors under 18 U.S.C. § 3553(a), that the district court[1] exercise its discretion under Booker to sentence below the Guidelines range.

The district court recognized its authority under Booker and treated the Guidelines as advisory. It considered and rejected the defendant's specific requests for traditional departures, granted a two level downward adjustment based on acceptance of responsibility, and sentenced Kiertzner at the bottom of the applicable Guidelines range, forty-one months. We now know, post-Booker, that it is necessary for sentencing courts to calculate the applicable, advisory Guidelines range, including any traditional departures or reductions, and use that range as one of the factors under § 3553(a) to determine an overall, reasonable sentence. United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005). We continue to hold, post-Booker, that a sentencing court's discretionary refusal to grant a traditional departure is unreviewable as long as the court recognized its authority to depart. United States v. Morell, 429 F.3d 1161, 1164 (8th Cir. 2005). Here, because the district court properly understood its authority under U.S.S.G. §§ 5K2.0 and 5K2.11, its decision not to grant a traditional departure is unreviewable. Regarding the overall reasonableness of the

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

sentence, a sentence within the Guidelines range is presumptively reasonable in our circuit.  <u>United States v. Marcussen</u>, 403 F.3d 982, 985 n.4 (8th Cir. 2005).  In the application of § 3553(a) to the present case, we find nothing that justifies deviation from this general rule.  The sentence imposed is reasonable.

The judgment of the district court is affirmed.

_____