# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4241

_____

United States of America,        *

          *

        Appellee,        *

          *   Appeal from the United States

    v.          *   District Court for the

          *   District of Minnesota.

Omy Jamel Larkins,        *

          *      [UNPUBLISHED]

        Appellant.      *

_____

Submitted: November 3, 2006
Filed: November 8, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.


      Omy Jamel Larkins (Larkins) pled guilty to aiding and abetting the possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. At sentencing, the district court[1] found Larkins was a career offender based in part on two prior drug offenses, and it denied an U.S.S.G. § 4A1.3 downward departure, finding Larkins's career-offender status did not significantly overrepresent his criminal history. The court sentenced Larkins to 188

_____

      [1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

months' imprisonment and 5 years' supervised release. On appeal, Larkins maintains his sentence is unreasonable, arguing his criminal history is overstated and the court failed to consider, and explain its application of, the 18 U.S.C. § 3553(a) factors.

We reject these arguments. First, the district court's refusal to depart downward from an alleged overstated criminal history cannot be reviewed. See United States v. Morell, 429 F.3d 1161, 1164 (8th Cir. 2005). Second, the court adequately addressed the sentencing factors, particularly Larkins's criminal history, the need for the sentence to reflect the seriousness of the instant offense and to protect the public, and potential sentencing disparities. See 18 U.S.C. § 3553(a)(1), (a)(2); United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005). Finally, the sentence–which was within the applicable Guidelines range–is not unreasonable. See United States v. Booker, 543 U.S. 220, 261-62 (2005); United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.), cert. denied, 126 S. Ct. 840 (2005).

Accordingly, we affirm the sentence.

_____