# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2902

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *  Appeal from the United States |
| v. | *  District Court for the Southern |
| | *  District of Iowa. |
| Ruben Castillo-Vargas, | * |
| | *  [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: September 6, 2007
Filed: September 17, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ruben Castillo-Vargas (Vargas) appeals the 70-month prison sentence the district court[1] imposed upon his guilty plea to illegal reentry after having been deported following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). Vargas's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning the reasonableness of the sentence and the denial of a downward departure.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

We conclude the sentence is not unreasonable. The district court considered Vargas's Guidelines imprisonment range, along with other 18 U.S.C. § 3553(a) factors and Vargas's arguments for a departure or a variance, in determining the sentence. Nothing in the record suggests the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only appropriate factors but in weighing those factors committed a plain error of judgment. See United States v. Booker, 543 U.S. 220, 260-62 (2005) (§ 3553(a) factors will guide reasonableness review); United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (reasonableness of sentence reviewed for abuse of discretion; defining ways in which abuse of discretion may occur). We also conclude that any sentence disparity arising from the unavailability of an early-disposition program in the Southern District of Iowa does not make an otherwise reasonable sentence unreasonable, see United States v. Sebastian, 436 F.3d 913, 915-16 (8th Cir. 2006), and that the district court's discretionary denial of Vargas's downward-departure motion is unreviewable, see United States v. Morell, 429 F.3d 1161, 1164 (8th Cir. 2005).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____