# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1183

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Northern District of Iowa.
Guadalupe Mendoza-Nava, also known *
as Guadalupe Mendoza Martinez, also *  [UNPUBLISHED]
known as Guadalupe Ascencio, also  *
known as Noel Curz-Martine, also   *
known as Guadalupe Mendoza-        *
Martinez, also known as Noe Cruz,  *
also known as Guadalupe Guadalupe- *
Ascencio, also known as Noel       *
Curzmartine, also known as Guadalupe *
Mendoza, also known as Vicente     *
Franco, also known as Natividad    *
Canton-Gaspar,                     *
                                   *
          Appellant.               *

_____

Submitted: October 5, 2007
Filed: October 10, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Guadalupe Mendoza-Nava pleaded guilty to unlawfully re-entering the United States after having been previously removed following his conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, he challenges for the first time the district court's[1] calculation of his criminal history points under the advisory Guidelines.

We review the court's criminal history calculations for plain error. *See United States v. Plancarte-Vazquez*, 450 F.3d 848, 854 (8th Cir. 2006). Under this standard, we will reverse only judgments which affect substantial rights and seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Kamerud*, 326 F.3d 1008, 1013 (8th Cir. 2003).

The record clearly establishes that, even if Mendoza-Nava was incorrectly assessed 2 criminal history points for committing the instant offense while on probation for a gross misdemeanor offense, the error was harmless because Mendoza-Nava was undisputedly on parole for a domestic assault conviction at the time of the offense. *See* U.S.S.G. § 4A1.1(d) ("[a]dd 2 points if the defendant committed the instant offense while under any criminal justice sentence, including . . . parole"); *United States v. Gutierrez*, 437 F.3d 733, 737 (8th Cir. 2006) (even if it was error to include two additional criminal history points, error was harmless because it did not alter Guidelines range); *see also* Fed. R. Crim. P. 32(i)(3)(A) (at sentencing court may accept any undisputed portion of presentence report as finding of fact); *United States v. English*, 329 F.3d 615, 617 (8th Cir. 2003) (court of appeals can affirm district court's judgment on grounds supported by record, even if grounds were rejected by trial court). Consequently, even if it was also error to assess the other criminal history point he disputes on appeal, any error was also harmless--because a reduction from 14 to 13 criminal history points could not affect his criminal history category. *See*

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

U.S.S.G. § 5 Sentencing Table (13 or more criminal history points results in Category VI criminal history).

Accordingly, we conclude that Mendoza-Nava has not established plain error, and the judgment is affirmed.

_____