# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

───────────

No. 07-3857

───────────

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Epifanio Reyes-Nunez, | * | District of Nebraska. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

───────────

Submitted: September 25, 2008
Filed: December 1, 2008

───────────

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

───────────

PER CURIAM.

Epifanio Reyes-Nunez appeals the sentence imposed by the district court[1] after he pleaded guilty to illegal reentry into the United States. The district court sentenced him to a prison term of 41 months--the low end of his undisputed advisory Guidelines range--and 3 years of supervised release.

To begin, we decline to review the district court's denial of Reyes-Nunez's motion for a downward departure. In this case, the district court recognized its

─────────────────────

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

authority to depart, and nothing in the record suggests that it had an unconstitutional motive in denying Reyes-Nunez's motion. <u>See</u> <u>United States v. Johnson</u>, 517 F.3d 1020, 1023 (8th Cir. 2008) (decision not to grant downward departure generally not reviewable unless district court had unconstitutional motive or erroneously thought it was without authority to grant departure); <u>United States v. Kiertzner</u>, 460 F.3d 988, 989 (8th Cir. 2006) (per curiam) (discretionary refusal to grant downward departure remains unreviewable after <u>United States v. Booker</u>, 543 U.S. 220 (2005), as long as district court recognized its authority to depart).

We also conclude that the district court's imposition of a within-Guidelines-range sentence was reasonable and therefore not an abuse of discretion. <u>See</u> <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007) (standard of review); <u>United States v. Franklin</u>, 397 F.3d 604, 607 (8th Cir. 2005) (as long as there is evidence that court considered relevant matters, court is not required to recite each 18 U.S.C. § 3553(a) factor); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462, 2469 (2007) (court of appeals may apply presumption of reasonableness to sentence that reflects proper application of Guidelines; where record shows that sentencing judge considered evidence and arguments, more extensive writing is not required). Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

_____