# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3824

_____

United States of America,

        Appellee,

    v.

Michael Karolus,

        Appellant.

\*  
\*  
\*  
\*   Appeal from the United States
\*   District Court for the
\*   District of North Dakota.
\*  
\*   [UNPUBLISHED]
\*  

_____

Submitted: July 12, 2012
Filed: July 20, 2012

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Michael Karolus challenges the sentence the district court[1] imposed after he pled guilty to possession of child pornography. His counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court improperly sentenced Karolus for conduct other than his offense of conviction, and requesting oral argument.

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

Upon careful review, we conclude that the district court did not commit any significant procedural error in sentencing Karolus, and that the sentence imposed is substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error, and then considers substantive reasonableness of sentence under abuse-of-discretion standard; if sentence is within Guidelines range, appellate court may apply presumption of reasonableness); United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (sentence was not unreasonable where record reflected that district court made individualized assessment based on facts presented and specifically addressed defendant's proffered information in its consideration of sentencing factors); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (describing ways in which court might abuse its discretion at sentencing); see also 18 U.S.C. § 3553(a)(1), (2)(C) (in determining particular sentence to be imposed, court shall consider, inter alia, nature and circumstances of offense, and need for sentence to protect public from further crimes of defendant); United States v. Gutierrez, 437 F.3d 733, 737 (8th Cir. 2006) (after United States v. Booker, 543 U.S. 220 (2005), judicial fact-finding is permitted under advisory Guidelines); United States v. Galloway, 976 F.2d 414, 424-25 (8th Cir. 1992) (en banc) (Supreme Court has long held that sentencing on basis of offenses for which defendant has not been charged or convicted does not necessarily violate due process).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issue. Accordingly, we grant counsel's motion to withdraw, and we affirm. We also deny as moot counsel's request for oral argument.

Accordingly, we grant counsel's motion to withdraw, subject to counsel advising the appellant of the procedures for filing a petition for writ of certiorari in the Supreme Court pro se.

_____