United States Court of Appeals

For the Eighth Circuit

_____

No. 14-3050

_____

United States of America

*Plaintiff - Appellee*

v.

Willie Harvey III

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: June 8, 2015
Filed: June 17, 2015
[Unpublished]

_____

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Willie Harvey III pleaded guilty to possession with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession

of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 92 months' imprisonment. Harvey now appeals. We affirm.

In July 2013, law enforcement learned that Harvey was selling methamphetamine, cocaine base, and marijuana. A confidential informant said that he regularly drove a friend to Harvey's home to buy these drugs and that he had seen Harvey with a pistol and methamphetamine. After law enforcement completed a controlled drug purchase from Harvey, they received a warrant to search Harvey's home. During the search, officers found a loaded pistol; $3,200 in cash; drug-distribution paraphernalia; and several grams of methamphetamine, cocaine base, cocaine, and marijuana. Based on this evidence, a grand jury indicted Harvey for possession with intent to distribute narcotics and possession of a firearm by a felon.

Harvey ultimately pleaded guilty pursuant to a written agreement. At sentencing, the district court adopted the base-offense levels proposed by the parties. Harvey's offense record led the court to determine that Harvey had fifteen criminal-history points, which placed him in Category VI. The court then sentenced Harvey to 92 months' imprisonment, a sentence at the bottom of his advisory guidelines range of 92 to 115 months.

Harvey raises two arguments on appeal. First, he contends that the district court erred in calculating his criminal-history score. Second, he argues that his criminal-history category overstated his criminal past and thus resulted in a substantively unreasonable sentence. In reviewing Harvey's sentence, we "first ensure that the district court committed no significant procedural error." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). We "then consider the substantive

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* (quoting *Gall*, 552 U.S. at 51).

Because Harvey did not object to his criminal-history score before the district court, we review this issue for plain error. *See United States v. McKay*, 431 F.3d 1085, 1095 (8th Cir. 2005). Harvey points to several alleged errors in the criminal-history calculation. First, he argues that the district court erred by assessing points for two older sentences, one resulting from a 1994 drug offense and another from a 2002 assault, because they predated the relevant guidelines' time periods of fifteen and ten years, respectively. *See* USSG § 4A1.2(e). In both instances, however, a court revoked Harvey's release after he violated probation. A court then re-imposed the prison sentences for each offense, and Harvey was incarcerated during the relevant guidelines' time periods. The guidelines approve of counting such re-imposed sentences following revocation, and the court thus properly calculated these criminal-history points. *See* USSG § 4A1.2(k) (noting that revocation "affects[s] the time period under which certain sentences are counted as provided" in USSG § 4A1.2(e)).

Harvey next argues that the district court erred when it assigned additional criminal-history points for his sentence stemming from a conviction for a 2004 drug offense. After Harvey was convicted for this offense, a state court revoked his probation for a 2002 assault and then imposed a prison term that Harvey contends is a "single sentence" for both the assault revocation and the 2004 drug offense. *See* USSG § 4A1.2(a)(1) (discussing separate and single sentences). Harvey argues that the district court erred by awarding additional points for the drug-conviction sentence beyond those awarded for the revocation. This challenge fails because even though a court imposed concurrent sentences, the guidelines state that "prior sentences *always* are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.* the defendant is arrested for the first offense prior to committing the second offense)." USSG § 4A1.2(a)(2) (emphasis added).

Here, an intervening arrest separated the offenses: Police arrested Harvey for the 2002 assault long before he committed the relevant drug offense in late 2004. Accordingly, we see no error.

Third, Harvey contends that the district court erred in assessing points for his unlicensed-driving sentences because they resulted from ordinance violations. Though sentences for misdemeanor and petty offenses do not always receive points under the guidelines, a district court should award points when the sentence is "a term of probation of more than one year." USSG § 4A1.2(c)(1). And here, Harvey was sentenced to two years' probation for each relevant unlicensed-driving offense.

Finally, Harvey argues that the district court erred by assigning points for two probation sentences because in each instance, a sentencing court gave Harvey probation only as a contingent sentence if he failed to pay an assessed fine. We need not reach the merits of this argument because any resulting error is harmless. *See United States v. Gutierrez*, 437 F.3d 733, 737 (8th Cir. 2006). Even without these points, Harvey would fall into criminal-history Category VI, and his sentencing range would remain the same. We therefore find no reversible procedural error.

In addition to these guidelines' calculation arguments, Harvey contends that the district court imposed a substantively unreasonable sentence because his criminal-history category overstated his criminal past. The district court denied Harvey's request for a downward departure, *see* USSG § 4A1.3(b), and variance, *see* 18 U.S.C. § 3553(a), on this basis. We lack authority to review the district court's denial of a downward departure because Harvey does not argue that the court had an unconstitutional motive or that the court failed to recognize its authority to depart downward. *See United States v. Woods*, 596 F.3d 445, 449 (8th Cir. 2010). And we reject his argument that the district court abused its discretion by failing to vary downward. A court abuses its discretion at sentencing when it "fails to consider a relevant factor that should have received significant weight, gives significant weight

to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Moore*, 565 F.3d 435, 438 (8th Cir. 2009) (quoting *United States v. Kowal*, 527 F.3d 741, 749 (8th Cir. 2008)). The district court did not make any of these missteps. At sentencing, the court explained that it considered all of the evidence in light of the 18 U.S.C. § 3553(a) factors, including "just punishment, general deterrence and incapacitation." Though the court expressed a desire to "give [Harvey] more help," it stated that it was "not willing to do anything out of the sentencing guidelines." The court expressed concern that Harvey's criminal record included multiple felony offenses and several examples of recidivism. Though Harvey had been imprisoned twice and undergone treatment, the court noted that "nothing seem[ed] to work." In light of Harvey's criminal record, the court's reasoned consideration, and the presumption of reasonableness that attaches to within-guidelines sentences, *see United States v. Goodrich*, 739 F.3d 1091, 1099 (8th Cir.), *cert. denied*, 574 U.S. ---, 135 S. Ct. 150 (2014), we find no abuse of discretion.

For the foregoing reasons, we affirm.

_____