# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3740
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Booker

*Defendant - Appellant*

_____

No. 15-3742
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Booker

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

_____

Before WOLLMAN, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Christopher Booker pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2, and was sentenced to 324 months' imprisonment. Booker appeals, arguing that the district court[1] erred by failing to consider the 18 U.S.C. § 3553(a) factors, by denying Booker a 3-level reduction for acceptance of responsibility, and by improperly treating four prior convictions separately in determining his criminal history category. We affirm.

As part of Booker's plea agreement, the government agreed to request a 3-level reduction in Booker's offense level for acceptance of responsibility. Before Booker's sentencing hearing, however, DePaul Bush, who had recently shared a jail cell with Booker, was arrested for robbing a bank in Cape Girardeau, Missouri. Bush admitted to robbing the bank and informed law-enforcement officers that, while he and Booker were incarcerated, Booker had told him how to rob a bank. Bush explained that Booker had instructed him to send a post-robbery coded message to the jail that Booker had a family emergency, whereupon Booker would call Bush and set him up with one of Booker's family members, who would provide Bush with a place to stay, clothes, a car, and work selling marijuana. Officers directed Bush to make the call to Booker as planned, after which Booker called Bush's phone and told Bush that he

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

would contact his family member. Instead, Booker immediately informed an officer at the jail that Bush had robbed a bank.

Based on Booker's assistance to Bush in planning the bank robbery, the government argued against the 3-level decrease for acceptance of responsibility, following which the district court denied the reduction. The presentence report (PSR) calculated Booker's advisory sentencing range under the United States Sentencing Guidelines Manual (U.S.S.G. or Guidelines). The PSR determined that Booker's total criminal history score was 18, based in part on four convictions for several offenses that occurred between November 1993 and March 1996, and that his resulting criminal history category was VI. The PSR also designated Booker as a career offender based on two of those convictions. Thus, Booker's criminal history category was VI, based on either his total criminal history score of 18 or his career-offender status. The PSR calculated a total offense level of 36, applying this offense level instead of the lower offense level of 32 for a career offender convicted of bank robbery. Based on a total offense level of 36 and Booker's criminal history category of VI, the PSR calculated an advisory sentencing range of 324 to 405 months' imprisonment. The district court adopted the PSR recommendations and imposed a sentence of 324 months' imprisonment.

Booker argues that the district court erred by failing to consider all of the § 3553(a) factors. Because he did not raise this objection in the district court, we review only for plain error. United States v. Black, 670 F.3d 877, 881 (8th Cir. 2012). Booker argues specifically that the district court failed to consider his individual characteristics as set forth in the PSR: Booker was sexually abused between the ages of 9 and 12; Booker's parents divorced when he was young, and he lived in foster care and with relatives; he experiences depression and anxiety; he has a history of gambling addiction and resulting financial problems; he has substance-abuse problems involving alcohol, pain pills, and methamphetamine; and he performed poorly in school. "In order to comply with § 3553(a), the sentencing court

need not 'make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors.'" United States v. Olson, 716 F.3d 1052, 1057 (8th Cir. 2013) (quoting United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008)). The district court stated at sentencing that it had considered the § 3553(a) factors, as well as the objectives of just punishment, general deterrence, and incapacitation. Moreover, the district court's recommendation that Booker be evaluated for drug-abuse, mental-health, and gambling-addiction treatment shows that it was aware of Booker's personal problems and that it adequately explained the reasons for the sentence it imposed.

Booker also contends that the district court erred by denying him a 3-level reduction for acceptance of responsibility. We will reverse a district court's denial of an acceptance-of-responsibility reduction only if it "is so clearly erroneous as to be without foundation." United States v. Gonzalez, 781 F.3d 422, 431 (8th Cir. 2015) (quoting United States v. Adejumo, 772 F.3d 513, 536 (8th Cir. 2014)). "Even unrelated criminal conduct may make an acceptance of responsibility reduction inappropriate, and a defendant's behavior in jail while awaiting sentencing is a relevant consideration." United States v. Arellano, 291 F.3d 1032, 1035 (8th Cir. 2002) (citation omitted). It was not clear error for the district court to conclude, based on the evidence presented at the sentencing hearing, that Booker had encouraged Bush to commit bank robbery and was thus not entitled to an offense-level reduction for acceptance of responsibility.

Lastly, Booker argues that the district court improperly calculated a criminal history category of VI based on four prior state-court convictions that had been consolidated. Because this objection was not raised before the district court, we review only for plain error. United States v. Harvey, 617 F. App'x 592, 594 (8th Cir. 2015) (per curiam). In any event, as Booker's counsel acknowledges, this argument fails because the convictions in question were separated by intervening arrests, and

under U.S.S.G. § 4A1.2(a)(2), "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest."

The judgment is affirmed.

_____