# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4463

_____

United States of America

*Plaintiff - Appellee*

v.

Olin Millen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: July 7, 2017
Filed: July 17, 2017
[Unpublished]

_____

Before LOKEN, ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Olin Millen directly appeals the within-Guidelines-range sentence imposed by the district court[1] after he pleaded guilty to possessing a firearm as a convicted felon,

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Millen's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the district court's determination of Millen's criminal history score and the substantive reasonableness of the sentence.

We need not reach the merits of Millen's argument regarding his criminal history score because any error in assessing two points, instead of one point, for the conviction at issue was harmless. See U.S.S.G. § 5 Sentencing Table; United States v. Gutierrez, 437 F.3d 733, 737 (8th Cir. 2006) (even if inclusion of two additional criminal history points was error, any such error was harmless because it did not affect defendant's criminal history category and did not alter Guidelines range). Further, after thorough review, we conclude that the district court's carefully considered sentence was not an abuse of discretion. See 18 U.S.C. § 3553(a); United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (standard of review); see also United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (where court makes individualized assessment based on facts presented, addressing proffered information in consideration of § 3553(a) factors, sentence is not unreasonable). Finally, having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment.

_____